## Black *versus* Aber.

1. After an inquisition and extension of real estate, a *vend. exp.* is irregular, until after a notice to defendant to accept the premises and pay the rent.

2. Whatever ought to appear of record, and does not, must be presumed not to have occurred.

3. A defendant in an inquisition, is not in default until six months from the day of filing his acceptance of the premises extended, nor liable to a *vend. exp.* until thirty days thereafter, and an affidavit of the non-payment of the semi-annual rental filed of record.

ERROR to the Court of Common Pleas of *Allegheny county.*

A *fi. fa.* issued No. 58, of June Term, 1853, on which the sheriff levied on a tract of land, containing 100 acres, situate in East Deer township; and an inquisition being held on the 21st day of July, 1853, the same was extended at $50 per annum. No notice was given to the defendant, of the plaintiff's election that he should retain the premises at the annual sum at which the same was extended; nor did the defendant ever agree so to do. Afterwards, on the 8th day of May, A. D. 1856, A. M. Brown, plaintiff's attorney, made and filed in the prothonotary's office, an affidavit, to the effect that, although defendant had paid the debt and interest in said case, he had not paid the costs, and that by reason of the non-payment thereof, the plaintiff was entitled to issue a writ of *vend. exp.* No allegation is made in the affidavit, that notice had been given to the defendant to retain the property, at the valuation, nor any allegation that he had agreed to do so. A *præcipe* for a writ of

*vend. exp.* was attached to said affidavit, and the writ was issued the same day. On the 31st day of May, 1856, the defendant, James Black, obtained a rule on the plaintiff, to show cause why the levy and inquisition, and writ of *vend. exp.* should not be set aside, at plaintiff's costs.

The reasons filed in support of said rule were :

1. That the levy and sheriff's advertisements did not describe the improvements on the land levied on.

2. That the plaintiff had no right to issue a *vend. exp.*, because the property never had been condemned, and on the extension, no notice to accept at the valuation had been given to the defendant.

This rule was discharged on the 17th of June, 1856, and reinstated on the 21st of June, 1856, and again discharged on the 2d of December, 1856. On the 25th of August, A. D. 1857, an alias writ of *venditioni exponas* was issued to October Term, 1857, and on this writ, the sheriff sold said tract of land to Robert Pollock, on the 5th day of October, 1857, for the sum of $36, being the amount of the costs on said writ.

James Hare had a judgment against James Black *et al.*, No. 312, October Term, 1855, upon which a *fi. fa.*, No. 19, June Term, 1856, was issued, and the property extended, and notice to defendant to retain the same, and acceptance by defendants of premises at the rental, May 15, 1857.

This was a writ of error to the *venditioni exponas.*

*Kuhn*, for plaintiff in error, referred to 2d and 5th secs. of Act of 13th October, 1840 ; Dunlop's Dig. (1853,) p. 832, 833 ; Act, 10th February, 1846, Id. 942 ; *Naples* v. *Miner*, 3 Pa. R. 475 ; *Frisch* v. *Miller*, 5 Barr, 313 ; *Shields* v. *Miltenberger*, 2 Har. 76.

*Barton*, for defendant in error, referred to Act, 26th April, 1855, Purd. 1125 ; *M'Cormick* v. *Mason*, 1 S. & R. 92 ; *Lewis* v. *Armor*, 3 Barr, 460 ; *Neil* v. *Tate*, 3 Casey, 208 ; *Foster* v. *Gray*, 10 H. 14 ; *Vastine* v. *Fury*, 2 S. & R. 432 ; *Thompson* v. *Phillips*, 1 Bald. 246 ; *Sloan's Case*, 8 Watts, 194 ; *Cromwell* v. *M'Closky*, 5 Barr, 168.

The opinion of the court was delivered January 3, 1859, by

CHURCH, J.—Whether the writs of *venditioni exponas* were authorized and regular, is the principal question in this cause. It is very clear they cannot be sustained according to the provisions of the Act of the 13th of October, 1840, (Bright. Purd. 338, 339 ;) but there is an attempt to support them under the Act of the 26th of April, 1855, Id. 1125.

The judgment of Aber, was entered in the month of December,

[Black *v.* Aber.]

1852. In the summer of the year following, the *al. fi. fa.* was issued, the levy made, inquisition held, and extension obtained and returned. No further proceedings were had until the 5th of May, 1856, when an affidavit was made and filed by Aber's attorney, setting forth that, though Black had paid the debt and interest, he had not paid the costs; and simultaneously therewith, the *venditioni exponas* was issued. The proceedings however, on this writ, were superseded by a rule to show cause why it should not be set aside. This rule being discharged, the *alias venditioni exponas* was issued on the 25th of August, 1857.

It may be observed, in this connection, that the total omission by Aber, to notify Black, of his election to permit him to retain possession of the premises, at the annual rental found by the inquest, as required by the recited Act of 1840, leaves these writs wholly without authority of law, upon their own record. For the 2d section of this act, in very distinct and imperative terms, requires that all these notices, after inquisition and extension, shall be in writing, and duly served and returned, thus rendering them as much a part of the record, as any thing else in the case. And whatever ought to appear of record, and does not, must be presumed not to have occurred.

The learned counsel for defendant in error, is understood to concede in his argument, the irregularity of these writs, under the Act of 1840, but contends that Aber, having the oldest lien, could take advantage of the proceedings had upon Hare's judgment, by virtue of the Act of 1855. Conceding this to be so for the sake of illustration, (and more we cannot do;) it will be found that the facts do not bring the case within the provisions of the act. The extension in the proceedings on Hare's judgment was obtained on the 20th of August, 1856. But the notice given Black, that he might retain possession, was not until the 17th of April, 1857, nor the reply, notice of acceptance until the 15th of May, following. Therefore Black would not be in default for six months after the latter date, nor subject to a writ of *venditioni exponas,* until the expiration of a further period of thirty days of failure to pay the overdue half yearly instalment of the rental, and the same verified by affidavit filed of record. But none of these essential requisites are found in the case. Not more than half the necessary time had elapsed; nor was there any affidavit. Besides, the Act of 1855, in terms, provides only for proceeding in the way indicated by the 4th section of the Act of 1840, which is a very different method from that pursued in the present case. Neither of these writs of *venditioni exponas* can therefore be sustained, and in setting them aside, we do not disturb the settled doctrine of the case of *Neil* v. *Tate,* 3 Casey, 208; that where there is nothing on the record to show an execution irregular, the court will not inter-

[Shoofstall v. Adams.]

fere with it.   But in the present case, the irregularity, and we may add, the want of authority to support it, is very palpable on inspection of the record.

There is nothing in the special plea to bar this writ of error. If the facts therein disclosed effect any thing, it is an independent subject-matter, and foreign to the questions presented upon the errors assigned to this record.

Execution reversed.