## Gamble *et al. versus* Woods.

1. In the court below the plaintiff in error applied by petition and affidavit to stay a fi. fa. against a third party, on the ground that he had an interest in the land levied on, being entitled to a right of way over it. *Held*, that the petition and affidavit were no part of the record and could not be brought up by bill of exceptions, and that therefore there was nothing before the Supreme Court to impeach the execution.

2. Error does not lie to a refusal of the court to stay an execution in such case.

3. An executor returned to an order to sell the land of the testator, that it could not be sold for want of a sufficient bid, in consequence of an easement on it. *Held*, that the court was right in refusing to direct the executor to apply to the Orphans' Court for another order of sale.

4. It is in the discretion of the court to make such order, and its exercise is not reviewable unless greatly abused.

5. A sale by execution of the estate of the decedent can always be made, unless there be an application to prevent it, and the title will be good.

ERROR to the District Court of *Allegheny county*.

Robert Woods, holding a judgment against Robert S. Foster, deceased, issued a fi. fa. against his executor, on which certain real estate of the decedent was levied on, and, being about to be sold by the sheriff, Gamble, Slacker & Co., on the 25th of November presented a petition to the District Court of Allegheny county, setting forth the levy, and that they were interested in the judgment in this: " That in the lifetime of the defendant, Robert S. Foster, Foster united with Peter Haberman in granting to your petitioners a right of way, in fee, over said land, together with other privileges therein, by deed dated February 9th 1864 ; that the judgment in this case was entered before said grant, and that a sale thereunder will divest the interest of your petitioners in the rights and privileges granted by said deed ; that the said Foster, at the time this judgment was granted, owned other land than that now levied on, part of which, by voluntary deed, without pecuniary consideration, and subsequent to the grant of said right of way, to wit, September 22d 1864, the said Foster conveyed to Margaret Scott.   Your petitioners therefore claim that in any sale of the lands bound by this judgment, the sheriff should be directed by the court to sell, first the tract now levied on, subject to the rights and privileges conveyed to them by said Foster, as aforesaid ; second, that conveyed, as aforesaid, to Mrs. Scott ; and should such sales not discharge the judgment —and your petitioners believe they will—then, thirdly, the rights and privileges granted by said Foster, as aforesaid.

" Your petitioners further represent that the personal assets of the said Foster are insufficient to pay all just demands upon his estate, and that William Curry, his executor, at December Term 1864, applied to Orphans' Court for an order to sell the real estate of his testator, which was granted January 21st 1865.

[Gamble *v*. Woods.]

Under this order, said executor, on March 4th 1865, sold a part of said real estate, the proceeds of which sale, viz., $1975, are applicable to this judgment; but the land now levied on was returned July 8th 1865 unsold, for want of bidders, after it had been advertised and offered for sale on several occasions.

" All the above facts were well known to the plaintiff in the judgment and his attorney ; and they were frequently requested that in making any levy on the said judgment they would have regard to your petitioners' rights, and sell the lands bound by the judgment, in the inverse order as above set forth, but they have refused."

The petitioners prayed the court to stay all proceedings on this execution, and to grant a rule on the plaintiff to show cause why he should not pay the costs of the execution, and why, in any future levy and sale under said judgment, the sheriff should not be directed to sell the land conveyed to Mrs. Scott, before selling the land now levied on, except as subject to all rights of way, and other interests or estates therein granted by said Foster prior to his deed to said Margaret Scott ; and also to grant a rule on the executor, &c., to show cause why he should not be ordered to make application to the Orphans' Court for a renewal of the former order directing him to sell his testator's real estate.

The court refused the application, and also discharged a rule to set aside a sheriff's sale of the land. The petitioners then removed the proceedings to the Supreme Court, and assigned the following errors :—

The court erred: 1. In refusing to stay proceedings on the fi. fa.

2. In refusing to grant a rule on the executor of Foster to make application to the Orphans' Court.

3. In refusing to direct the sheriff, in selling under the judgment of Woods, to levy on and sell the land conveyed to Mrs. Scott, before selling the forty-one acres, except as subject to the right of way.

4. In refusing to set aside the sheriff's sale when made.

*H. Burgwin*, for plaintiffs in error, cited Act of February 24th 1838, §§ 35–36, Purd. Dig. 288, pl. 101, 102, Pamph. L. 79–80 ; Harger *v*. Commissioners, 2 Jones 251 ; Barnet *v*. Ihrie, 1 Rawle 44 ; Hanover T. Co. *v*. Craighead, 5 Barr 470 ; Rogers *v*. Whitely, 2 Wright 137.

*A. H. Miller*, for defendant in error, cited Chadwick *v*. Patterson, 2 Phila. R. 275 ; Elliott *v*. McGowan, 10 Harris 198 ; McFee *v*. Harris, 1 Casey 103 ; Rees *v*. Berryhill, 1 Watts 263 ; Crawford *v*. Boyer, 2 Harris 383 ; Renninger *v*. Thompson, 6 S. & R. 1 ; Wellock *v*. Cowan, 16 Id. 318 ; Harker *v*. Elliott, 7 Id. 284 ; Burns *v*. Thornburgh, 3 Watts 78.

[Gamble *v.* Woods.]

The opinion of the court was delivered, October 25th 1866, by

THOMPSON, J.—The 1st assignment of error in this case is, " that the court erred in refusing to stay proceedings on the fieri facias." The supposed proof of this error, is the petition and affidavit of the plaintiff, alleging an interest in the property levied on under the " fi. fa.," which was deemed insufficient by the court as a reason for interfering with the execution. But how do the petition and affidavit get before us ? They are no part of the record. This is too manifest for argument; nor is there any bill of exception that will bring them up. They are, there-fore, things we cannot consider, and for this reason we have nothing to impeach the execution. Beside this, we think no writ of error lies to a refusal of the court to stay an execution in a case like this. Error might lie to the execution in a proper case, but that is not this case.

2. The 2d assignment is " in refusing to grant a rule on the executor of Foster to make application to the Orphans' Court." This error, in the way the point is presented to us, is subject to like objection with the foregoing. The grounds for making the motion is the affidavit of the plaintiff in error and nothing more. That is not on our record. But aside from this, the affidavit shows that the Orphans' Court had ordered a sale of these premises, and that the executor failed to sell for want of a sufficient bid. His return, referred to in the affidavit of the plaintiff in error, shows that the sale was not consummated for want of a sufficient bid, because of an easement granted by the vendee of Woods upon the house ; and he recommended a sale on that judgment, which would be a sale clear of that interest or encumbrance, and thus a full price obtained for the premises. The court agreeing with this, refused to stay proceedings on the execution. It would have been a most unsound discretion—nay, an act of folly—to have done otherwise than the court did under the circumstances. The order of the Orphans' Court had been tried, and failed to produce what ought to have been realized for the property, for a very sufficient reason. Why send it again to the same authority to sell, that reason remaining, instead of letting it be sold clear of that impeding difficulty by execution ? If it be supposed that no sale by execution can ever be made on a judgment against an estate, after the death of the ancestor, it is a mistake. It can always be made if there be no application to prevent it, and the title will be good.

If such application be needed to prevent a sale on execution, it must be for sufficient reasons and by a proper party, and this shows that the court has a discretion in the matter, which, unless greatly abused, is not reviewable. This we understand to be the rule of the 36th section of the Act of 24th February 1834. That the course taken resulted unfavorably to the estate, was not the fault of the

[Gamble v. Woods.]

plan of the executor, acquiesced in by the court, but was mainly attributable to the notice which we learn was given at the sale, that the purchaser would take no title under it. This was not only a great mistake, but in all probability a most mischievous one.

3 and 4. These errors, like the first, are not sustained by the record; and the affidavit of which they are predicated is not before us. Nor do I think the substance of them is reviewable here, at all events, in the form in which they are presented.

There is nothing to correct in the record, and the proceedings are affirmed.