JULY TERM, 1881, No. 61.　　　　　MARCH 7TH, 1882.

## Newhart *versus* Wolfe.

1. There can be no assignment of error to a judgment for want of an affidavit of defence after an appearance and acceptance of service of the writ by an attorney of the Court, upon the ground of want of authority of the attorney to appear and accept service.

2. The authority of the attorney was to be determined as a matter of fact by the Court below.

3. The action of the Court below in refusing to stay a writ of *levari facias* issued upon such a judgment is not reviewable in the Supreme Court.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Northampton County.*

*Scire facias sur* mortgage by Henry C. Wolfe against Rebecca Newhart and her husband Tilghman Newhart. An appearance was entered by an attorney of the Court. The service of the *sci. fa.* was accepted and judgment was entered September 1st, 1879, for want of an affidavit of defence, in the sum of $2443.41. Tilghman Newhart died September 11th, 1880. An *alias levari facias* was issued March 28th, 1881. The same day Rebecca Newhart presented a petition to the Court, setting forth, that she had been induced to join with her husband in the mortgage by false representations; that she could neither read nor write, and was not acquainted with the contents of the instrument, and that the justice who took the acknowledgment did not examine her separate and apart from her husband; and asking for a rule on the plaintiff to show cause why the judgment should not be opened and she be permitted to make defence and the execution be stayed.

The Court granted a rule to show cause, which was subsequently discharged. A *pluries levari facias* was issued

[Newhart *v.* Wolfe.]

May 12th, 1881. On May 17th, 1881, Rebecca Newhart presented a petition setting forth that the *scire facias* upon which the *levari facias* was founded "was never served on her the said Rebecca Newhart, and that she the said Rebecca Newhart never authorized any one to accept service thereof for her."

The Court thereupon granted a rule on the plaintiff to show cause why the judgment should not be set aside. Upon the rule the petitioner testified substantially as set forth in her petitions. June 8th, 1881, the rule was discharged.

June 10th, 1881, the defendant took out a writ of error, assigning that the Court erred in discharging the rules to stay the execution, and refusing to set aside the judgment and execution.

December 30th, 1881, an agreement of counsel was filed, submitting a statement of facts, "that William Mutchler, Esq., of counsel for the plaintiff, entered his appearance for the defendant and accepted service of the writ of *scire facias*, because at the time of the issuing of the writ of *scire facias* he was concerned for Tilghman Newhart in other litigation, and that he did so at the request of the said Tilghman Newhart, and for the purpose of saving costs; that he has no recollection that Rebecca Newhart, the wife of Tilghman Newhart, authorized an appearance to be entered and service of the said writ accepted as aforesaid."

*George W. Geiser* and *Robert I. Jones*, for plaintiff in error.

The judgment was obtained without service of process and appearance, and is absolutely void, and all proceedings based on it are nullities. The mortgage was on the real estate of the wife.

Whenever it appears of record that the judgment was obtained by default, without service, it can be reversed on error: Knox *v.* Flack, 10 Harris, 337; Banning *v.* Taylor, 12 Harris, 289; McClelland *v.* Pomeroy, 25 P. F. Smith, 412; King *v.* Brooks, 22 P. F. Smith, 364.

*William Mutchler*, for defendant in error.

MARCH 20TH, 1882.—PER CURIAM : There is no assignment of error to the judgment, nor could there have been. There was an appearance by an attorney of the Court, and his authority was to be determined as a matter of fact by the Court. The action of the Court in refusing to stay the writ of *levari facias* is not reviewable here.

Writ of error quashed.