Per Curiam,
This was an action of account render in the court below and was brought by Sheldon and wife against ITenry G. Harris, trustee. There was also pending in the same court an account filed by Harris as trustee of Sheldon and wife'. This account appears to have been consolidated with the action of account render, and the whole matter was referred to George Junkin, Esq., as referee, under the Act of 1836. The referee awarded to Mary C. Sheldon the sum of $2,081.56. Numérous exceptions were filed, which were dismissed. A ca. sa. was then issued in the court *195 below against Harris, and a rule taken by him to quash said writ, which rule the court below, after a hearing, discharged. A writ of error was then taken by Harris, in the action of account render, and the single error assigned, that the court erred in refusing to quash the ca. sa. At the same time, an appeal was taken from the award of the referee, and, upon that appeal, numerous assignments of error were filed. We quashed the appeal, when this case was reached, for the reason that no appeal lies under the circumstances, but we allowed the errors assigned in the appeal to be filed on the writ of error. We have thus the case consolidated here, and are enabled to dispose of all the questions in it. The thirteen assignments, transferred from the appeal to the writ of error, might be dismissed with the remark that they are not in compliance with the rule of court, and therefore not entitled to be considered. As, however, theré seems to have been an attempt at compliance, and the substance, at least, of most of the exceptions below is stated in the assignments, we have considered them with as much care as if properly assigned. We are unable to see any substantial error. On the contrary, the referee has, in our opinion, done full justice to the plaintiff. It is proper to say, however, referring to the eleventh assignment, that inasmuch as the trustee has been surcharged with the principal of the ground rent ($750) while the title thereto is in Mrs. Sheldon, we think it the duty of the court below to see that this ground' rent is properly reconveyed to the trustee.
There is nothing upon the face of the ca. sa. to show irregularity. It was said by Lewis, O. J., in Neil v. Tate, 27 Pa. 203: u Where there is nothing on the record to show that an execution is irregular, the refusal of the court of common pleas to set it aside is not the subject of review on writ of error. This has been repeatedly decided.” The record shows that the judgment or decree upon which the ca. sa. was issued was for trust money in the hands of a trustee. That this form of execution may be issued under such -circumstances is too obvious to require discussion.
Judgment affirmed.
Peh. 11, 1889. Motion for re-argument.
The plaintiff in error filed' the following reasons in support of his motion: . -
I. The court did not consider the rights of the parties as fixed at the time of the presentation of the trustee’s account.
II. The court did not consider fully the referee’s report of facts as to the investment of the $3,500 mortgage. The referee reports that the trustee considered the investment good. The cestui que trust received the full amount of principal and interest.
III. The trustee kept a separate account until all moneys were invested, when nothing remained except interest collections. 'This appears hy the evidence.
IY. The court did not consider that there was no evidence as to the alleged agreement by the trustee in 1881.
*196 V. The court did not consider that, as to the ground rent, the referee’s report is entirely opposed to the evidence as well as the recorded title. The error in not decreeing a reconveyance justified this writ, and the plaintiff in error should not be saddled with costs in error.
VI. The court has not considered that this case, if a preceent, is a precedent for the following: 1. A trustee or attorney cannot sell anything which has been his own, to his client. 2. He cannot buy for a trust or client any security or interest in land from a partner or relative. Fisher’s Appeal, 34 Pa. 29, is opposed to this. 3. Where a trustee is sought to be surcharged, the presumptions are against the trustee’s intention faithfully- to execute the trust, and his testimony may be disregarded, if contradicted by his cestui que trust. This overrules the law as now laid down and followed in the English cases, and followed in Neff’s Ap., 57 Pa. 91, and in Myers’ Ap., 62 Pa. 109. 4. While it is the law that a trustee will not be held responsible or deprived of compensation for an error of judgment, yet if a trustee be also an attorney he will be held responsible for an error of judgment, even if his action be concurred in by his cestui que trust, and the error is only as to the source from which he shall take securities for the trust, and the securities cause no loss. This is opposed to Maloney’s Est., 27 Pitts. L. J. 193. 5. In this case, an attorney is treated with tenfold harshness, compared with trustees who have committed actual fraud or been guilty of gross derelicton, as in Norris’s Ap., 71 Pa. 106, and Robinett’s Ap., 36 Pa., 174.
Per Curiam, Feb. 18,1889.- — Re-argument refused.
W. M. S., Jr.