# Stephens v. Addis, Appellant.

*Appeals—Execution—Order to set aside.*

No appeal lies from the refusal to stay or set aside an execution where the application is based on an allegation of facts outside the record.

Argued Dec. 3, 1901. Appeal, No. 52, Oct. T., 1901, by defendants, from order of C. P. Lehigh Co., Sept. T., 1899,

No. 56, discharging rule to set aside execution in case of Andrew Stephens in his own right and in right of his minor child, Florence Stephens, v. Frank R. Addis.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Appeal quashed.

Rule to set aside execution.

*Error assigned* was order discharging rule to set aside execution.

*Milton C. Henninger* and *Thomas F. Gross*, for appellant.

*James L. Schaadt*, for appellee.

OPINION BY RICE, P. J., January 21, 1902:

The appellant's counsel states the question of law involved in the appeal as follows : Does a release of, or satisfaction from, one of several wrongdoers constitute a defense in an action against another for the same tort?   This might have been the question, if at the trial he had offered to prove such release or satisfaction and the offer had been rejected, or if, notwithstanding the alleged release or satisfaction, the court had permitted a recovery by the plaintiff.   But as the case comes before us the question involved is much narrower.   A verdict was rendered against both defendants.   A rule for new trial was granted and after hearing discharged.   Nearly eight months after judgment on the verdict the appellant applied for and was granted a rule to show cause why the ca. sa., issued after a return of nulla bona upon a fi. fa. should not be set aside.   It was from the order discharging that rule that the present appeal was taken.   The motion to set aside the execution was not based on anything that appears in the record, but on facts outside the record which existed at the time of the trial, although not then known to the appellant.   The motion was addressed to the sound discretion of the court, and, its decision is final, unless the right to have the exercise of that discretion reviewed in this court has been given by statute.   We know of no such statute, and the decisions are uniformly to the effect that no appeal lies from the refusal to stay or set aside an execution where the application is based on an allegation of facts outside the record : Neil v. Tate, 27 Pa. 208 ; Newhart v. Wolfe, 2 Penny. 295 ; Harris

v. Sheldon, 1 Mona. 188; Kelly v. Cover, 1 W. N. C. 467; Robison v. Trench, 22 W. N. C. 143; Loomis v. Ross, 12 Pa. Superior Ct. 95. See also Black v. Aber, 2 Gr. 206, and Gamble v. Woods, 53 Pa. 158. The Act of May 20, 1891, P. L., 101, relates to applications for the opening, vacating and striking off of judgments and cannot be extended by construction to an application to set aside an execution. Looking at the verdict of the jury as first rendered, there seems a hardship in compelling the appellant to pay the whole judgment. But it is not in our power to relieve him on this appeal.

Appeal quashed.