## Kramer v. Chapel Lawn Memorial Park, Inc.

*Al J. Kane*, for plaintiffs.

*Robert Fleming*, for petitioner.

VALENTINE, P. J., September 16, 1957.—This is a petition by Lewis W. Cody, praying for an order staying an execution issued upon judgment entered on a bond accompanying a purchase money mortgage executed by defendant corporation.

Petitioner is a stranger to the record. The application does not purport to be made for or on behalf of defendant corporation.

Petitioner is neither an officer nor stockholder of defendant corporation. He asserts that he is a one-half equitable owner of the stock of defendant.

We think that this alleged interest does not give petitioner standing to make the present application: Gamble v. Woods, 53 Pa. 158-160.

The application is incidental to a pending proceeding to which the jurisdiction of the court has attached, and it follows that any such application should be made by a party to the record.

In Tremont Twp. Sch. Dist. v. Western Anthracite Coal Co., 75 D. & C. 225, it was held that attorneys for a corporate defendant had no standing to petition to set aside an execution issued against defendant where it was not averred that the proper officers of

the corporation were not available or otherwise unable to execute the petition or that the attorneys had authority to execute it on behalf of corporate defendants.

Therefore, the application is denied.