James C. Packer, Admr. of Wm. Cameron *v.* John A. Owens, Exr. of Adam Gundy et al., Appellant.

*Executors and administrators—Joint executors—Vacating letters—Granting new letters—Mortgage—Satisfaction—Collateral attack.*

One of two joint executors has a right to receive and give a discharge of a debt due the estate.

Judgment on a mortgage due an estate was confessed to the two executors of the estate. After the death of one of the executors, the amount of the judgment was paid to the survivor, who satisfied the mortgage of record. Before the payment was made the register of wills appointed an administrator d. b. n. c. t. a. The administrator was made a party plaintiff, and issued a levari facias. The terre tenants thereupon intervened, and obtained a rule to set aside the execution, alleging payment

to the surviving executor. The court discharged the rule, and subsequently made an order striking from the record the satisfaction of the mortgage. *Held* (1) that the surviving executor had a right to receive payment of the mortgage and satisfy the record; (2) that the grant of letters of administration d. b. n. c. t. a. did not divest the surviving executor of his powers or vacate his appointment; (3) that if the register intended to vacate the letters testamentary by the letters of administration, he was without jurisdiction to do so, and his decree could be attacked in a collateral proceeding; (4) that the orders of the court were erroneous.

*Appeals—Execution—Levari facias.*

An order refusing to set aside a levari facias is a final decree from which an appeal lies to the Supreme Court.

*Mortgage—Appeals—Parties—Terre tenant.*

Where a judgment has been confessed on a scire facias sur mortgage by the executors of the mortgagor, terre tenants who have paid the mortgage have a right to intervene, and take an appeal from an order refusing to strike off a levari facias.

Argued May 9, 1894. Appeals, No. 37, Jan. T., 1894, and No. 24, July T., 1894, by defendant, from orders of C. P. Union Co., Sept. T., 1888, refusing to strike off writ of levari facias and ordering satisfaction of judgment to be stricken from record. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Reversed.

Scire facias sur mortgage. Rule to strike off lev. fa. and rule to strike off entry of satisfaction of judgment. Before McCLURE, P. J.

The facts appear by the opinion of the Supreme Court.

The appeal in the levari facias proceedings was taken Sept. 19, 1893. The petition to strike off entry of satisfaction was filed Oct. 31, 1893.

*Errors assigned* were in refusing to strike off levari facias, and in ordering satisfaction of the judgment to be stricken from the record.

*Andrew A. Leiser*, for appellants.—The court was without jurisdiction to grant or make absolute the rule to strike off satisfaction, as the case was then appealed: Elliott on Appellate Procedure, §§ 541, 549; Ewing v. Thompson, 43 Pa. 372; Com. v. Kistler, 149 Pa. 345; Gardiner v. Murray, 4 Yeates, 560; Du

rant v. Essex Co., 11 Otto, 555; Ensminger v. Powers, 108 U. S. 292.

Either of these co-executors and co-plaintiffs could have satisfied this judgment in the lifetime of both: Devling v. Little, 26 Pa. 502; De Haven v. Williams, 80 Pa. 480; Jackson v. Shaffer, 11 Johns. 513; D'Invilliers v. Abbott, 4 W. N. 124; Wood v. Smith, 92 Pa. 379; Fesmire v. Shannon, 145 Pa. 201.

On the death of John B. Packer the rights and duties of the co-executor under the will and as to this judgment survived to Harrison: 1 Woerner on Admn., p. 733, § 344; 1 Lewin on Trusts, p. 261; Zebach v. Smith, 3 Bin. 72; Miller v. Meetch, 8 Pa. 417; Gallaher v. Gallaher, 6 Watts, 473; 7 A. & E. Ency. L. 200; Petigru v. Ferguson, 6 Rich. Eq. 378; Shoenberger's Est., 139 Pa. 132. Under the facts, established by the record, Harrison must continue as plaintiff in this judgment until by the record there is shown to be a vacancy in the office of executor, to wit, by death, renunciation, resignation or removal: 1 Lewin on Trusts, 251; Miller v. Meetch, 8 Pa. 417; Heron v. Hoffner, 3 Rawle, 393; Bowman's Ap., 62 Pa. 166; Beeber's Ap., 99 Pa. 596.

And a removal could be made only by the orphans' court in a direct proceeding had for that purpose, on petition, citation, hearing and decree, and only for the causes set forth by the acts of assembly: Webb v. Dietrich, 7 W. & S. 401; Cohen's Ap., 2 Watts, 175.

The register was without jurisdiction or authority to remove Harrison from his executorship in a direct proceeding: Miller v. Meetch, 8 Pa. 417; Bowman's Ap., 62 Pa. 166; Harberger's Ap., 88 Pa. 29; Miles v. Cook, 1 Grant, 58; Shomo's Ap., 57 Pa. 356; Bieber's Ap., 11 Pa. 156; Brubaker's Ap., 98 Pa. 21; Hostetter's Ap., 6 Watts, 244; 3 Rhone, O. C. Pr., p. 17, § 40.

A second grant, i. e., a grant of letters d. b. n. c. t. a. in the present case, under the facts as shown by the record, is absolutely void: 1 Woerner on Admn., p. 395, § 179; Munroe v. People, 102 Ill. 406; Rambo v. Wyatt, 32 Ala. 363; Matthews v. Douthitt, 27 Ala. 273; Petigru v. Ferguson, 6 Rich. Eq. 378; Grand v. Chaves, 15 Tex. 550; Hamilton's Est., 34 Cal. 465; Creath v. Brent, 3 Dana, 179; Croxton v. Renner, 103 Ind. 223; Lewis v. Brooks, 6 Yerg. 167; State v. Green, 65

Mo. 528; State v. Draper, 50 Mo. 24; Haynes v. Meeks, 20 Cal. 288; Landers v. Stone, 45 Ind. 404; Slade v. Washburn, 3 Ired. L. 557; Springs v. Irwin, 6 Ired. L. 27 · Vick v. Mayor, 2 Howard (Miss.) 319.

And this second grant or grant of letters d. b. n. c. t. a. to James C. Packer, being void as a grant without jurisdiction or authority to make it, it can be impeached collaterally : Elliott v. Peirsol, 1 Peters, 328; Guaranty Trust & Safe Deposit Co. v. R. R., 139 U. S. 137; Thompson v. Whitman, 18 Wall. 457; Wall v. Wall, 123 Pa. 545; Camp v. Wood, 10 Watts, 118; Torrance v. Torrance, 53 Pa. 505; Bennett v. Hayden, 145 Pa. 586; Devlin v. Com., 101 Pa. 273; McPherson v. Cunliff, 11 S. & R. 422; Griffith v. Wright, 18 Ga. 173; Miller v. Jones, 26 Ala. 247: Bean v. Chapman, 73 Ala. 140; Quidort's Admr. v. Pergeaux, 15 N. J. L. 472; Ryno's Exr. v. Ryno's Admr., 27 N. J. Eq. 522; Kane v. Paul, 14 Peters, 33; Griffith v. Frazier, 8 Cranch, 24.

An appeal lies in this case, because, prior to the act of May 9, 1889, a writ of error would lie to a refusal to set aside an execution: Com. v. Judges, 3 Bin. 273; Cassel v. Duncan, 2 S. & R. 57; Harger v. Commissioners, 2 Jones, 251; Mackaness v. Long, 85 Pa. 158; Pontius v. Nesbit, 40 Pa. 309.

The terre tenants had a right to be heard in the court below and here on appeal: Wickersham v. Fetrow, 5 Pa. 260; Reigart v. Ellmaker, 6 S. & R. 44; Roberts v. Williams, 5 Whart. 170; Mevey's Ap., 4 Pa. 80; Fraley v. Steinmetz, 22 Pa. 437; Cadmus v. Jackson, 52 Pa. 295; Read v. Husulton, 27 Leg. Int. 198; Finney v. Crawford, 2 Watts, 294; Williams v. Morgan, 111 U. S. 684.

Mrs. Packer's rights to her legacies under the will could be worked out only through the executors: State v. Moore, 18 Mo. Ap. 406; Guthrie v. Kerr, 85 Pa. 303.

*James Scarlet*, *Wm. A. Sober* and *J. C. Bucher*, *E. M. Beale* and *J. M. & P. B. Linn* with them, for appellee.—Appellants were strangers to the record.

There was no error in discharging the rule; Kneib v. Graves, 72 Pa. 104; Day v. Sharp, 4 Whart. 338; Barr v. Boyles, 96 Pa. 31; Congregation v. Johnson, 1 W. & S. 9; Kennedy v. Fury, 1 Dal. 71; act of March 24, 1818, § 7, 1 Sm. L. 132 act of Feb. 24, 1834, P. L. 77.

The administrator de bonis non may be substituted as plaintiff in a judgment obtained by the administrator whom he succeeds: Lea v. Hopkins, 7 Pa. 385 ; Reist v. Heilbrenner, 11 S. & R. 131 ; Gemmill v. Butler, 4 Pa. 232.

The writ could not be attacked collaterally : Chew's Est., 2 Pars. 155 ; Schouler on Exrs. and Admrs., 2d ed. § 160 ; Carpenter v. Cameron, 7 Watts, 51 ; Loy v. Kennedy, 1 W. & S. 396 ; Holliday v. Ward, 19 Pa. 485 ; Lovett v. Mathews, 24 Pa. 330 ; Shinn v. Holmes, 25 Pa. 142 ; Van Fleet on Collat. Attack, § 799 ; Comstock v. Crawford, 3 Wall. 396 ; Bain v. Funk, 61 Pa. 187 ; Brown v. Ridgway, 10 Pa. 42 ; Lindsley v. Malone, 23 Pa. 28 ; Nicholas v. Wolfersberger, 5 S. & R. 167.

As appellants were not parties to the record nor interested in the judgment, their only defence at all was to show payment and to a proper party : Levan v. Millholland, 114 Pa. 49 ; Cadmus v. Jackson, 52 Pa. 295 ; Holden v. Winslow, 19 Pa. 449.

But the payment made was an improper and unauthorized payment and made to a wrong party.   The terre tenants could not have been injured by a payment according to the exigencies of the writ and they should not have been permitted to be substituted for the purpose of making the payment to one who had ulterior designs upon the money against the exigencies of the writ: Meiser v. Eckhart, 19 Pa. 201 ; Baer v. Kistler, 4 Rawle, 364.

The record was sufficient notice to them of Harrison's want of authority to satisfy the judgment: Byron v. Thompson, 156 Pa. 297.

Harrison had no right of control nor power to hinder or delay the residuary legatee in taking possession of the property and securing her money by legal process : Holman's Ap., 7 Pa. 174 ; Parker's Ap., 61 Pa. 478 ; Sheets's Est., 52 Pa. 257 ; Wheatly v. Badger, 7 Pa. 459 ; Carlisle's Ap., 9 Watts, 333 ; Kay v. Scates, 37 Pa. 40 ; Rush v. Lewis, 21 Pa. 72 ; Schouler's Exrs. & Admrs. § 153, p. 213 ; Sharpe's Ap., 87 Pa. 163 ; Bodle v. Hulse, 5 Wend. 313 ; Peebles v. Reading, 6 S. & R. 491 ; Wilhelm v. Folmer, 7 Pa. 296 ; Kennedy v. Fury, 1 Dal. 72.

The register had jurisdiction of the subject-matter ; upon the facts found by him he was justified and had the right to grant the letters to James C. Packer : Schouler on Exrs. & Admrs.

213, § 153; Bain v. Funk, 61 Pa. 187; Van Fleet on Collat. Attack, p. 10, § 12; Hauer's Ap., 5 W. & S. 473; Levan v. Millholland, 114 Pa. 49.

A refusal to quash and strike off the writ of levari facias is not error: Nicholas v. Wolfersberger, 5 S. & R. 172; Murphy v. Flood, 2 Grant, 411; Bain v. Funk, 61 Pa. 187; Brown v. Ridgway, 10 Pa. 42; Lindsley v. Malone, 23 Pa. 28.

Where the interests of an executor or administrator are opposed to those of other parties in interest and it is manifest that he is obstructing their steps in the pursuit of their rights, nothing but some controlling necessity will justify his retention: Scott on Intest. Law, 268; Kellberg's Ap., 86 Pa. 129; Hassinger's Ap., 10 Pa. 454; Ellmaker's Est., 4 Watts, 54.

The appointment of Parker as administrator cannot be attacked in a collateral proceeding : Loy v. Kennedy, 1 W. & S. 396; Carpenter v. Cameron, 7 Watts, 51; Chew's Est., 2 Pars. 155; Schouler on Exrs. & Admrs., 2 ed. § 160; Lovett's Exrs. v. Mathews, 24 Pa. 330; Holliday v. Ward, 19 Pa. 485; Shinn v. Holmes, 25 Pa. 142; Bain v. Funk, 61 Pa. 187; Brown v. Ridgway, 10 Pa. 42; Lindsley v. Malone, 23 Pa. 28.

PACKER v. OWENS, NO. 37, JAN. T., 1894.

OPINION BY MR. JUSTICE DEAN, Oct. 1, 1894:

On the 8th of November, 1866, Adam Gundy delivered to William Cameron a mortgage on a tract of improved land containing about 92 acres in East Buffalo township, Union county. The mortgage was to secure to Cameron a debt of $2,000, which Gundy owed to him.  Both mortgagor and mortgagee died before payment, leaving last wills; Cameron appointed John B. Packer and F. C. Harrison executors of his will, and Gundy, John A. Owens executor of his, and letters testamentary were duly issued to them.   On September 5, 1888, Packer and Harrison, executors of Cameron, had sci. fa. issued on the mortgage, to which Owens, executor of Gundy, appeared, and confessed judgment to John B. Packer and F. C. Harrison, executors of William Cameron, in the sum of $2,882.30, debt and interest.   On August 3, 1893, the death of John B. Packer, one of the executors of Cameron, was suggested, and James C. Packer, administrator, with the will of Cameron annexed, was substituted.   The same day, James C. Packer, without being

joined by Harrison, the surviving executor of Cameron, directed the issuing of lev. fa. on the mortgage. On September 4th, Abraham V. Gundy and Elizabeth V. Gundy, representing themselves as terre tenants of the land bound by the mortgage, and that they had paid the full amount of the debt, interest and costs of the judgment thereon, to F. C. Harrison, the surviving executor of Cameron, who had duly receipted to them for the same, and agreed to satisfy the mortgage of record, prayed the court to quash or set aside the writ of lev. fa.; thereupon the court granted a rule on James C. Packer to show cause why decree should not be made as prayed for, returnable September 18, 1893. On the 9th of September, F. C. Harrison, as surviving executor, formally satisfied the judgment of record. On the return day of the rule to show cause, Owens, executor of Gundy, asked and was granted leave to be made a party, and to join in the prayer to set aside the writ. Packer, the substituted administrator, denied: 1. The right of Harrison to receive the money. 2. Averred an exclusive authority in himself to receive it. 3. Denied the jurisdiction of the common pleas to inquire into the validity of the letters testamentary issued to him on the will.

The court, after hearing, discharged the rule to set aside the writ, and further, afterwards, on motion of Packer, struck off the satisfaction of record entered by Harrison, surviving executor. Separate appeals were taken from these decrees by Owens, executor, and the terre tenants. The questions raised on each appeal are so blended that we consider them together.

The contention turns on Harrison's authority to receive the money and satisfy the record. It was Cameron's debt; he had the sole right in his lifetime to collect and receive; by his will, he delegated this right to his executors, John B. Packer and Harrison, to be executed after his death; for they were named executors, and there is not a word in the will which restricts their authority or responsibility in the office. Certain trusts were created, of which John B. Packer was appointed trustee, and specific directions were given as to beneficiaries under the will, but the responsibility of the executors was general and unlimited in the collection, receipt and management of the funds, that they might reach the objects of the testator's bounty. Packer's responsibility as to certain funds

was greater than that of an executor, but Harrison's was not less. No specific directions were given as to this particular mortgage. The 15th item of the will is not a specific bequest of it to Mary M. Packer, as argued by appellee. That item only designates her as a residuary legatee of all bonds, mortgages, judgments, single bills, or other evidences of debt in the counties of Union and Northumberland. The duty of the executor remained; and all parties so understood it, for this mortgage was not assigned to the residuary legatee; John B. Packer, in his lifetime, along with Harrison, obtained judgment upon it; James C. Packer, since his death, has undertaken to collect it. Of course, the money, if it be residuary, after carrying out the other directions of the will, goes eventually to Mary M. Packer, but this affects not the right of the plaintiff executor, in this particular judgment, to receive it. The duty of the executors then as to this, was to collect and account for it as part of the general funds of the estate; therefore they jointly brought suit on the mortgage, and judgment was confessed to John B. Packer and F. C. Harrison, executors of Cameron. Whatever conflict there may be in the authorities, as to the liability of co-executors for money received by one of them, the law is settled that one of them has a right to receive and give a discharge of the debt: 2 Kent's Com. 519; De Haven v. Williams, 80 Pa. 480; Wood v. Smith, 92 Pa. 379. So that, even in the lifetime of John B. Packer, Harrison, his co-executor and co-plaintiff, had a right to receive this money and satisfy the record. His authority, certainly, was not impaired or extinguished by Packer's death. He had the legal title to the judgment, of which he could not be divested except by death, renunciation or removal from office. He did not die, and did not renounce; he could not be removed from office but for the statutory causes, and then only by the orphans' court, on notice to him, and due proof of mismanagement, intemperance or dishonesty. He did not get his appointment from any court, but from the testator; he qualified before the register of wills, but was not appointed by him; the oath administered by the register, to perform his duty and account faithfully, was no more an appointment than the register's oath to perform the duties of his office with fidelity was his appointment. With, then, an appointment by the will of the owner of the mortgage; a suit brought upon it, and

judgment confessed to him and his co-executor; by the death of his co-executor, a survivorship to him of the title to the judgment, how is his authority to collect the money and satisfy the mortgage denied?

It is answered, James C. Packer was substituted, with the will annexed, for the dead executor. It is argued that the grant of letters by the register to James C. vacated the letters to Harrison, and this being a judicial act, the court of common pleas cannot, in a collateral proceeding, inquire into the regularity of it. But it is clear, the register has no such power as is claimed here. We do not undertake to say that James C. Packer has no authority under the grant of letters to him; a decision of that question is not necessary to a decision of this, therefore we do not pass upon it. But we do hold that there could be no appointment to Harrison's place until he was legally ousted. As we have seen, he did not die or renounce, and he was not removed by the orphans' court under any statutory proceeding. While, for causes existing before the grant of letters, the register may revoke and issue others, that is not the case here. The executors took out letters, and for years administered; then, on account of the death of John B. Packer, letters testamentary were issued to James C. If there was a vacancy, it was occasioned by the death of John B., long after the letters issued; there was no vacancy as to Harrison, and the register had no jurisdiction to oust him, even in a proceeding directly against him. The orphans' court alone could take cognizance of such proceedings. If he could not vacate the letters to Harrison by a direct proceeding against him, his decree appointing James C. cannot have the same effect by implication. The error pervading the entire proceeding, is the unwarranted assumption that a vacancy in the office of executor was created by the mere qualification of James C. Packer; such a method of ousting an executor, and giving his place to another, is wholly unknown to statute or practice; it is a bald usurpation of power, lacking every element of judicial procedure, and the register being wholly without jurisdiction to perform such an act, in so far as it attempts to oust Harrison, it is not entitled to recognition as the judgment of another court, which cannot be inquired into collaterally.

We do not certainly know that the register intended to go so

far as this, for his decree does not say so ; inferentially, appellees' counsel argues, it must have that effect, and on this inference rests the whole case of James C. Packer; but, for the reasons stated, it must fail.    The fact, if it be a fact, that during the lifetime of John B. Packer, he was the acting executor, and performed all or nearly all the duties of the office, is not important.    It is generally the case, where there are two or more executors, that the active management is intrusted to one of them ; and not seldom this is intended by the testator.    It may also be presumed, he intended, by the very appointment of more than one, to provide by a survivorship for the contingency of death or removal.    But being passive in the management does not create a vacancy, or even wholly shield from responsibility.

As to argument of appellee that an appeal does not lie, we need only say that the decree of 18th of September, 1893, refusing to set aside the lev. fa. was a final decree ; it was equivalent to that of a chancellor, that the judgment was due and unpaid, and directing the sale of the land subject to the lien of it.    A writ of error lies in all cases in which a court of record has given a final judgment, or made an award in the nature of a judgment, or has awarded execution.    Pontius v. Nesbit et al., 40 Pa. 309.    " There can be no doubt that error lies on an award of execution."    Harger v. Commissioners, 12 Pa. 251.

And the terre tenants were proper parties to the appeal. They were aggrieved by the final decree, for they had paid the amount of the mortgage to Harrison, yet the decree of the court still held their land bound for its payment.    The judgment being in rem, although not parties to the mortgage or judgment, their right to intervene as parties to resist the sale of this particular tract of land cannot be doubted : Mevey's Appeal, 4 Pa. 80 ; Fraley v. Steinmetz, 22 Pa. 437.    In Mevey's Appeal, decided as early as 1846, Judge GRIER, whose opinion was approved by this Court, says : " Where a terre tenant has not been noticed in the proceedings (on a mortgage), the practice has been to permit him to make himself a party pro interesse suo, and to have the benefit of any equitable or legal defence, to which he may be entitled."    And such has been the settled practice for more than fifty years.

The decree of the 18th of September, 1893, discharging the rule to strike off the levari facias, is reversed, and it is now directed that said rule be made absolute.   Costs to be paid by appellee.

PACKER v. OWENS, NO. 24, JULY TERM, 1894.

OPINION BY Mr. JUSTICE DEAN, Oct. 1, 1894:

It is not necessary to discuss the regularity of the proceedings resulting in the decree of March 19, 1894, striking from the record the formal entry of satisfaction made by F. C. Harrison, executor.   Whether the proceeding was regular, because of the appeal pending in this court in 37, January Term, 1894, is at least doubtful.   But as we have decided in that case, Harrison, the executor, had full authority to receive the money, it follows he had authority to enter formal satisfaction of record. For the reasons in that case given, the decree of March 19, 1894, striking off the entry of satisfaction, is reversed, at costs of appellee.