# Long, Appellant, *v.* Lebanon National Bank.

|                |          |
| -------------- | -------- |
| 211            | 165|     |
| Case 2         |          |
| 30 SC ³637|    |          |
| ²11            | 16̄5|    |
| Case 2         |          |
| f221           | ¹454|    |

*Execution—Wrongful sale—Action—Res adjudicata.*

In an action for damages for an alleged unlawful sale of plaintiff's property under a writ of execution issued on a confessed judgment, a nonsuit is properly entered where it appears that every question raised by plaintiff had been carefully investigated, and adjudicated in a proceeding in which the court had discharged a rule to set aside the writ of execution.

The order of a court discharging a rule to set aside a writ of execution

is a final order from which an appeal will at once lie, and it is as conclusive as a decree in equity made on a writ to stay civil process, on any subject considered by the court that was essential or material to the decision on the merits of the right in question.

A judgment will be conclusive not only as to matters actually litigated and decided but as to every ground of recovery and defense that might have been presented and decided.

MESTREZAT, J., dissents.

Argued Feb. 16, 1905. Appeal, No. 369, Jan. T., 1904, by plaintiff, from order of C. P. Lebanon Co., Sept. T., 1898, No. 5, refusing to take off nonsuit in case of Frank B. Long *v.* Lebanon National Bank. Before DEAN, FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit to recover damages for the alleged wrongful sale of plaintiff's property. Before EHRGOOD, P. J.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*Cyrus G. Derr* and *Samuel Gustine Thompson*, with them *George B. Woomer*, for appellant.—The dismissal of the petition, if it was anything, was a decree in equity.

A decree in equity is not, like a judgment at law, necessarily conclusive as to every matter which either was or might have been involved in the decision. Regard must be had to the reasons of the chancellor as well as to his decree : Larkins v. Lindsay, 205 Pa. 534.

*Jefferson Snyder*, with him *Grant Weidman* and *Howard C. Shirk*, for appellee.—The matters in controversy were res adjudicata : Fulton v. Hood, 34 Pa. 365 ; Lippincott v. Whitman, 83 Pa. 244 ; Kilheffer v. Herr, 17 S. & R. 319 ; Davis v. Tallcot, 12 N. Y. 184 ; McCann v. Farley, 26 Pa. 173 ; Loomis v. Lane, 29 Pa. 242 ; Frauenthal's App., 100 Pa. 290 ; Harger v. Commissioners, 12 Pa. 251 ; Packer v. Owens, 164 Pa. 185 ; Foote v. Gibbs, 67 Mass. 412 ; Weigley v. Coffman, 144 Pa. 489 ; Westcott v. Edmunds, 68 Pa. 34 ; Williams v. Row, 62 Pa. 118 ; Kelsey v. Murphy, 26 Pa. 78 ; Burke v. Miller, 70 Mass. 114 ; Tams v. Lewis, 42 Pa. 402; Bell v. Allegheny County, 184 Pa. 296.

OPINION BY Mr. JUSTICE FELL, March 6, 1905:

The single question presented by this appeal is whether in an action for damages for an alleged unlawful sale of the plaintiff's property under a writ of execution issued on a confessed judgment a nonsuit was properly entered on the ground that the subject-matter of the controversy had been adjudicated in a proceeding to set aside the execution.

The plaintiff in this action was indebted to the defendant in the sum of $36,000 and gave it his judgment note for this amount, payable one day after date. On this note there was an indorsement signed by the maker to the effect that the note was given as a collateral to secure the payment of notes then discounted by the bank and of any renewals thereof. Four months after the date of the note, judgment was entered thereon and a writ of execution issued. The defendant in the judgment, the plaintiff here, presented a petition to the court for a rule to show cause why the writ should not be set aside. The specific ground on which relief was asked was that judgment had been entered and a writ of execution issued in violation of a contemporaneous oral agreement not to enter judgment on the note unless it became necessary to secure the bank against other creditors who might bring suit. In the answer to the petition it was denied that any oral agreement had been made, and it was averred that over $33,000 of the indebtedness remained unpaid with interest on such of the discounted notes referred to in the indorsement as had since matured, and that judgment had been entered in accordance with the terms of the note for the purpose of collecting a bona fide indebtedness. The main controversy at the hearing of the rule was in relation to the oral agreement, but the matter of the plaintiff's indebtedness on matured notes, while apparently treated as of minor importance, was fully gone into. His testimony was exceedingly vague, and that of the bank's cashier was clear and distinct that eight notes were then due. The rule was discharged on the grounds (1) that parol evidence was not admissible to vary the terms of the written instrument; (2) that if admissible the preponderance of evidence was in favor of the writing. Leave was given the plaintiff in the judgment to proceed with the execution for such amount as remained unpaid.

The order of a court discharging a rule to set aside a writ

of execution is a final order from which an appeal will at once lie : Packer v. Owens, 164 Pa. 185, and it is as conclusive as a decree in equity made on a writ to stay civil process, on any subject considered by the court that was essential or material to the decision on the merits of the right in question. This is not seriously controverted, but in avoidance of the rule that what has once been finally adjudicated by a court of competent jurisdiction cannot again be made a subject of controversy, it is argued that the court in discharging the rule did not decide that no oral agreement had been made, but only that effect could not be given to the oral agreement set up to alter or vary the judgment note, and that the breach of this agreement may be made the ground of action for damages. This is not the correct view. If the decision is thus restricted, it is still a decision that no valid agreement had been made which prevented the use of the note according to its terms, and hence the writ of execution was properly issued. The decision, however, went further than this. It was not only that such an agreement if established was unavailing but that the testimony failed to establish it.

The second ground of objection to the entry of the nonsuit is that while the bank might enter judgment on the note in order to secure a lien it could not lawfully issue execution in advance of the maturity of the notes to secure the payment of which the judgment was given. It is unnecessary to consider to what extent the bank was restricted in the use of the judgment by the indorsement on the note, or whether if the defendant in the judgment withheld any ground of defense at the hearing of the rule he could afterwards make it available in another proceeding, notwithstanding the general rule that a judgment will be conclusive not only as to matters actually litigated and decided but as to every ground of recovery and defense that might have been presented and decided : Rauwolf v. Glass, 184 Pa. 237. The right to issue execution under the terms of the note and the indorsement was considered at the hearing of the rule. It was brought to the attention of the court by the recital of the indorsement in the petition. The defendant introduced testimony to show that nothing was due at the time the writ was issued. This was met by counter-testimony offered by the bank, and whether anything was then

due became the subject of a prolonged and searching inquiry. It thus became a component part of the defense and was necessarily involved in the decision.

Since all the grounds of recovery in the action for damages had been adjudicated against the plaintiff, the nonsuit was properly entered, and the judgment is now affirmed.

MESTREZAT, J., dissents.