BARSKY v. LITWIN.

1. LANDLORD AND TENANT—RENT—EVICTION—HOUSING LAW—OC-
CUPANCY PERMIT.
   Provisions of housing law barring recovery of rent for use and
   occupation of premises without an occupancy permit having
   first been procured do not bar eviction of tenant by summary
   proceedings instituted by landlord in view of penal section
   whereby landlord would incur added penalty or possible im-
   prisonment for each day tenant remained (1 Comp. Laws 1929,
   §§ 2587–2589).

2. APPEAL AND ERROR—VALIDITY OF STATUTES—HOUSING LAW.
   In holding that provisions of housing law barring recovery of
   rent for use and occupation of premises forbidden by law do
   not afford a defense to tenant in landlord's summary proceed-
   ing for eviction, Supreme Court does not pass on the validity
   of such provisions (1 Comp. Laws 1929, §§ 2587–2589).

3. LANDLORD AND TENANT—PARTIAL EVICTION—VOID OCCUPANCY—
RETENTION OF POSSESSION.
   Tenant whose use and occupation of an apartment, whether under
   lease for a stated period or not, was void ab initio, under a
   statute, cannot make the defense of partial eviction in justi-
   fication of his remaining in possession (1 Comp. Laws 1929,
   §§ 2587–2589).

Appeal from Wayne; Sample (George W.), J.,
presiding. Submitted June 14, 1939. (Docket No.
58, Calendar No. 40,108.) Decided September 5,
1939.

Summary proceedings by Harry Barsky against
Max Litwin to obtain possession of rented premises.
Plaintiff reviewed judgment for defendant by ap-

peal in the nature of certiorari. Judgment for plaintiff. Defendant appeals. Affirmed.

*Shapero & Shapero,* for plaintiff.

*Max P. Levine* and *Patrick H. O'Brien,* for defendant.

WIEST, J. Defendant rented an apartment in a building erected in 1919, in full compliance with the building code of the city of Detroit, paid rent for a time and then refused to make further payments and, upon notice to quit, continued in possession, claiming that failure of plaintiff to procure an occupancy permit, required by the so-called housing law, 1 Comp. Laws 1929, §§ 2587, 2588 (Stat. Ann. §§ 5.2871, 5.2872), rendered him immune from dispossessory procedure.

Plaintiff brought a summary proceeding before a circuit court commissioner to evict defendant. Upon the hearing defendant invoked the mentioned statute and also claimed that failure of plaintiff to furnish sufficient heat and dishes and to keep the premises free from vermin constituted a partial eviction, and the commissioner so held and dismissed the case.

Plaintiff appealed to the circuit court, with review in the nature of certiorari, and the circuit judge held that, if the housing act provisions permitted defendant to occupy the apartment without payment of rent, by rendering him immune from dispossessory procedure, it was unconstitutional and the failure, if any, of plaintiff to furnish heat and dishes and to exterminate vermin did not constitute an eviction, available as a ground for remaining in possession, and so directed the commissioner. Defendant reviews by appeal.

The portion of the housing law upon which defendant relies was enacted in 1917, and provides:

"2587. * * * No building hereafter constructed as or altered into a dwelling shall be occupied in whole or in part for human habitation until the issuance of a certificate by the health officer or by such other appropriate public official as the mayor may designate, that said dwelling conforms in all respects to the requirements of this act relative to dwellings hereafter erected. Such certificate shall be issued within fifteen days after written application therefor if said dwelling at the date of such application shall be entitled thereto.

"2588. * * * If any building hereafter constructed as or altered into a dwelling be occupied in whole or in part for human habitation in violation of the last section, during such unlawful occupation no rent shall be recoverable by the owner or lessee of such premises for said period, and no action or special proceedings shall be maintained therefor or payment of such * for possession of said premises for nonrent, and said premises shall be deemed unfit for human habitation and the health officer may cause them to be vacated accordingly."

The language of section 2588, unless reframed or words added thereto, does not bar the eviction of defendant. As enacted it relates to actions to recover payment for use and occupation. The provision that "during such unlawful occupation no rent shall be recoverable by the owner or lessee of such premises for said period, and no action or special proceedings shall be maintained therefor or payment of such * for possession of said premises for nonrent," relates to actions to collect rent for use

---

* A previously enacted statute in New York has a clause, containing the words which seem to be transposed in the Michigan statute as indicated, which reads as follows: "No action or special proceeding shall be maintained therefor, or possession of said premises for non-*payment of such* rent." Laws of New York 1901, chap. 334, § 123.— REPORTER.

and occupation forbidden by law. This is not such an action or proceeding and it would be absurd to hold, in the face of the concluding provision of the same section, reading: "and said premises shall be deemed unfit for human habitation and the health officer may cause them to be vacated accordingly," that the landlord is barred from obtaining the possession incident to his title and must leave the tenant in possession while he, the landlord, incurs added penalty or possible imprisonment for each day the tenant remains, as provided in the next section. 1 Comp. Laws 1929, § 2589 (Stat. Ann. § 5.2873).

Unless and until the statute expresses in clear and unmistakable language that, in an instance like the case at bar, the tenant is immune from dispossessory procedure, authorized by other statutes, when brought by the landlord, we have no occasion to pass on the validity thereof. In considering the case we pass no opinion on the validity of the act, holding that it does not support the contention of defendant.

Upon the question of constructive eviction defendant relies upon *Ravet* v. *Garelick,* 221 Mich. 70 (28 A. L. R. 1331). The case does not help defendant. In that case there was a lease for a period of five years, and a claimed partial eviction by removal of a building and the appropriation of a part of the lot to other uses by the landlord and the court, while holding there could be no apportionment of the rent under such circumstances, intimated the defense of partial eviction would not be a defense in case the tenant's lease had expired.

In the case at bar the tenant's use and occupation, whether under lease for a stated period or not, was void *ab initio* under the statute and he cannot make

the defense of partial eviction in justification of his remaining in possession.

Judgment of the circuit court is affirmed, with costs to plaintiff.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.