National Council of the Junior Order of United
American Mechanics *v.* Roberson et ux.,
Appellants.

Argued December 12, 1968. Before WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ. (WRIGHT, P. J., absent).

*John H. Clough,* with him *Robert D. Repasky,* for appellants.

*Alan Berman,* with him *Rothman, Gordon, Foreman and Groudine,* for appellee.

OPINION BY MONTGOMERY, J., January 8, 1969:

On October 1, 1967 the defendants-appellants entered into a month to month lease with the plaintiff-appellee, acting through its agent W. P. Horner, for premises at 627 Duff Street, Pittsburgh, Pennsylvania at a rental of $65 per month payable on the first day of each month in advance. The rent was paid for the months of October, November and December, 1967, but as of January 25, 1968 the January rent had not been paid. On that day, January 25, 1968 the Allegheny County Health Department declared the property eligible for rent withholding as of January 25, 1968. However, without knowledge of this action, appellants paid the January rent to Mr. Horner on January 26, 1968.

On February 26, 1968 appellants were advised in writing by the Allegheny County Health Department

that the property occupied by them had been declared eligible for rent withholding by the Allegheny County Health Department on January 25, 1968, and further that, "Under State law, a Rent Withholding Program has been designed to encourage landlords to make needed repairs. If you choose to use this plan, you will continue to pay your rent, only instead of paying it to your landlord you would pay it into an Escrow Account at Mellon Bank. You will continue to pay rent to Mellon Bank until you have been notified by the Allegheny County Health Department that the needed repairs have been made, following a reinspection of the property in your presence.

"If, after six months, the needed repairs have not been made and properly certified, the money remaining in the Escrow Account would be paid back to you.

"Should you decide to withhold your rent, please appear immediately at the Allegheny County Health Department, Room 649, City-County Building, telephone number 281-4900, extension 784. If you want to use this program, it is important that you act quickly since the law protects you against eviction only *while you are paying your rent into the Escrow Account.*"

On March 28, 1968 appellants received a similar notice from the Bureau of Building Inspectors of the City of Pittsburgh which recited that on March 26, 1968 it had also declared the property eligible for rent withholding; and on the same day it notified W. P. Horner, appellee's agent, that the building was in an unsafe condition, with directions to abate it at once or the building would be subject to condemnation proceedings.

On February 29, 1968 appellants paid the February rent into the escrow account; on April 5, 1968 they paid the March rent into it; on May 15, 1968 they paid

the April rent into it; but they did not pay the May rent into it until July 3, 1968. Thereafter, on July 10, 1968 they paid the June rent into the account.

On June 24, 1968 when both the May and June rents were in default, according to the terms of the lease, appellee caused to be entered judgment in ejectment against appellants in an amicable proceeding at No. 4216 July Term, 1968 in the Court of Common Pleas of Allegheny County as authorized by the lease, in which it claimed possession and damages in the amount of $195, being two months rent at $65 per month and an attorney's commission of $65. A writ of possession, based on the judgment, was issued at Ex. No. 700 July Term, 1968. However, before the writ of possession was executed appellants filed a petition to open the judgment and to stay the writ of execution. A rule to show cause was thereupon issued returnable August 2, 1968. On the return day, after oral argument on the petition and an answer thereto filed by appellants, Hon. GWILYM A. PRICE, JR., Judge, entered the following order: "AND Now, to-wit, this 2nd day of August, 1968, after hearing,[1] it is ORDERED, ADJUDGED AND DECREED that the captioned matter be and the same is continued upon condition that the Defendants shall pay promptly, into escrow, rent due for July and August, 1968, and that thereafter rent be paid either into escrow or to the Plaintiff should the property be removed from rent withholding, on the first day of September, 1968, and on the first day of each and every month thereafter in advance as long as the relationship of landlord and tenant exists.

"This Order is entered without prejudice to the right of the Plaintiffs to proceed with the Amicable Ejectment and execution of the Writ of Possession filed

---

[1] No hearing was held nor does it appear that any argument on the law was held or briefs filed.

at the above number and term, after hearing, should it then be proven that the Defendants have not complied with the provisions hereof concerning the payment of rent. In the event the premises is removed from rent withholding and the Plaintiff elects to terminate the lease according to its terms, it may proceed with the Amicable Ejectment and execution of the Writ of Possession after Petition and Order to discharge the Rule heretofore granted. By the Court, PRICE, JR."

It clearly appears that this order was interlocutory in nature and provided only for a future disposition of the petition to open as answered by the appellants. However, on August 19, 1968, Judge PRICE, being advised that the appellants had not fulfilled the condition of the continuance by paying the rent due August first, discharged the rule to show cause why the judgment should not be opened and directed the Sheriff to proceed with the execution. This order was made without a hearing as intended by the order of August second and on the ex parte application of appellee's attorney without sufficient notice to appellants' counsel to enable him to contact his clients about the rent for July and August. The July rent had been paid into the escrow account on August 1, 1968 and the August rent was subsequently paid on August 20, 1968. The September rent was paid September 25, and the October rent on October 9. The November rent was paid on November 5, although on October 22, 1968 the Allegheny County Health Department, after hearing at which it was determined the necessary repairs had not been made, had ordered the money in the escrow account returned to the appellants.

Appellants took no appeal from the August 19 order of Judge PRICE but instead, on October 2, having been again threatened with eviction, petitioned the court for a further stay of execution and for an amendment of

Judge PRICE'S order of August 19 so as to permit the payment of subsequent rentals between the first and tenth of each month instead of on the first of each month as provided in said order and lease. This petition was presented to Hon. ARTHUR WESSEL, JR., who was the presiding judge for the month of September (which extended until the first Monday of October or October seventh) in the assignment room of Common Pleas Court where petitions are presented under local Rule of Court. Judge WESSEL again stayed execution and amended the August 19 order of Judge PRICE only in the particular that future monthly payments could be made on or before the twelfth of the month they were due. The next step in these proceedings is a petition by appellee presented to Judge WESSEL to strike off his order of October 2 and reinstate the August 19 order of Judge PRICE. A rule to show cause was granted on this petition returnable October 21, 1968, to which an answer was filed by appellants. This return day was during the term of Hon. RALPH H. SMITH, JR., in the assignment room. On the return day of the rule, Judge SMITH considered the petition and answer and on November 15, 1968 made the rule absolute, thereby setting aside Judge WESSEL'S order of October 2, and providing that "The parties may proceed to pursue their rights sec. reg. et sec. leg." The reasons given by Judge SMITH in a memorandum opinion filed with his order are stated as follows:

"(1) Under the circumstances, the defendants' counsel gave insufficient notice to plaintiff's counsel of his intention to present the Petition before Judge WESSEL; and

"(2) Therefore, the Court was without jurisdiction or authority to amend the order of August 19, 1968. See Mulach Steel Corp. v. McArdle, 116 P.L.J. 52 (1968), where Judge ALDISERT stated that, 'A judge

of the Court of Common Pleas does not possess the power to review the determination of a judge of the same Court.' "

Thereupon the appellants again petitioned for a further stay of eviction, reciting that the appellee landlord had not made the repairs required by the Allegheny County Health Department and the City of Pittsburgh, and that under the provision of the Rent Withholding Act of January 24, 1966, 35 P.S. §1700-1, they were still protected against eviction since their rent was presently payable into the escrow account, and was paid. This petition reached Judge PRICE, presumably for the reason assigned in Judge SMITH'S opinion. Judge PRICE, by order dated November 25, 1968 refused a further stay or to grant a rule to show cause why the decision of the Allegheny County Health Department returning the escrow rentals to appellants should not act as a stay.

The appellants paid their December rent into the escrow account and filed this appeal on November 26, 1968. We granted a supersedeas until December 31, 1968.

The appellee first contends that this appeal is untimely and for that reason not properly before us. Its position is that the order from which this appeal was taken is the August 19 order of Judge PRICE which discharged the rule to open the judgment in ejectment; and further, it contends that the last order of Judge PRICE refusing further stay of execution is unappealable.

A review of all the orders made by the several judges discloses that only the order of August 19 disposed of the petition to open the judgment in the amicable action of ejectment. All subsequent orders concerned the stay of execution and the conditions on which such stays were granted. A review of such ac-

16

tion may be enlightening. Whereas Judge PRICE on August 2 postponed disposition of the petition to open the judgment on condition that the rent should be paid promptly, which was a form of stay proceeding, and on August 19 terminated that stay, Judge WESSEL, on October 2 granted a stay on condition that the rent would be paid into escrow promptly before the twelfth of each month. Subsequently, on November 15, 1968 Judge SMITH terminated this stay for reasons hereinbefore stated; and Judge PRICE affirmed this action by his order of November 25. Thus we have two orders refusing further stay of execution after Judge WESSEL's stay order.

The initial issue is the question of whether an appeal may be taken from an order refusing a stay of execution. Although a determinative order relating to an execution is, in character, a judgment, and when of a final nature, is appealable, *Foster v. Rubenstein*, 383 Pa. 236, 118 A. 2d 195 (1955); *Opening of Parkway*, 267 Pa. 219, 110 A. 144 (1920), and an order which indefinitely stays a writ of possession in an ejectment proceeding is final and appealable, *Marko v. Mendelowski*, 344 Pa. 665, 25 A. 2d 692 (1942), and under some circumstances, an order discharging a rule to set aside a writ of execution is a final order from which an appeal will lie, *Long v. Lebanon National Bank*, 211 Pa. 165, 60 A. 556 (1905); *James C. Packer v. John A. Owens*, 164 Pa. 185, 30 A. 314 (1894), generally no appeal lies from the refusal to stay or set aside an execution where the application is based on an allegation of facts outside the record. *Gamble v. Woods*, 53 Pa. 158 (1866); *Merola v. Luongo*, 191 Pa. Superior Ct. 509, 159 A. 2d 41 (1960); *Hanscom v. Chapin*, 27 Pa. Superior Ct. 546 (1905); *Stephens v. Addis*, 19 Pa. Superior Ct. 185 (1902).

In our present proceeding, however, the stay prayed for is based on a statutory enactment which provides

that, "No tenant shall be evicted for any reason whatsoever while rent is deposited in escrow." Act of January 24, 1966, P. L. (1965) 1534, §1, as amended, August 11, 1967, P. L. 204, §1, 35 P.S. §1700-1 (pp.). The fact that the rent was being paid into escrow is part of this record. However, instead of looking at this question strictly, as one of a stay, we think it should be considered as a proceeding to set aside or quash the writ of possession since the execution may be forbidden by the statute hereinbefore set forth. The refusal to grant such a motion is appealable. *Marko v. Mendelowski*, supra; *Long v. Lebanon National Bank*, supra. The last petition to Judge PRICE raises this issue.

Therefore, we shall refuse the motion to quash and review the merits of appellants' argument that the lower court erred in refusing to stay (quash or set aside) the writ of possession by which their eviction from the premises was sought by appellee. The legality of the judgment in ejectment will not be considered since we conclude that question is not before us, no appeal having been taken from the August 19 order of Judge PRICE discharging the rule to open.

The intent of the Legislature in passing the legislation under consideration is expressed in the title of the Act, "An Act providing for the suspension of the duty to pay rent for dwellings certified to be unfit for human habitation . . . and providing for the withholding and disposition of shelter allowances." The body of the Act limits the effect of suspension as follows: ". . . and the right of the landlord to collect rent shall be suspended *without affecting any other terms or conditions of the landlord-tenant relationship*, until the dwelling is certified as fit for human habitation or until the tenancy is terminated for any reason other than nonpayment of rent." (Emphasis supplied)

During the period of rent suspension the Act appears to give to the tenant two alternatives. He may

vacate the premises free of any obligation to pay rent or he may continue to occupy the premises in which case ". . .the rent withheld shall be deposited by the tenant in an escrow account and shall be paid to the landlord when the dwelling is certified as fit for human habitation at any time within six months from the date on which the dwelling was certified as unfit for human habitation." If, at the end of six months following certification the necessary repairs have not been made, ". . . any moneys deposited in escrow on account of continued occupancy shall be payable to the depositor, except that any funds deposited in escrow may be used, for the purpose of making such dwelling fit for human habitation and for the payment of utility services for which the landlord is obligated but which he refuses or is unable to pay." We find nothing in the Act which provides for a continuation of the privilege of the tenant to pay his rent into the escrow account or to occupy the premises beyond the six month period set forth in the Act. We are, therefore, constrained to conclude that the final provision of the Act, "No tenant shall be evicted for any reason whatsoever while rent is deposited in escrow", is applicable only during that six month period, and not thereafter.

Since statutes of this kind are penal, in that they deprive the landlord of rights he would otherwise be entitled to have enforced, they are strictly construed and not extended so as to grant to the tenant any right not expressly provided for. *Burlington & Summit Apartments v. Manolato*, 233 Iowa 15, 7 N.W. 2d 26 (1942), 144 A.L.R. 251, 259 et seq.; 32 Am. Jur. Landlord & Tenant §499, p. 408, Supp. n. 8; *Wokal v. Sequin*, 167 Misc. 463, 4 N.Y.S. 2d 86; *Barsky v. Litwin*, 289 Mich. 672, 287 N.W. 339 (1939).

Therefore, the order of Judge PRICE refusing to interfere with the eviction of appellants at a time long

after the expiration of the six month period during which appellants were privileged to pay their rent into escrow was not in violation of the prohibition against eviction contained in the statute and must be affirmed.

Order affirmed and motion to quash refused.

WRIGHT, P. J., did not participate in the consideration or decision of this case.

---

CONCURRING OPINION BY HOFFMAN, J., January 28, 1969:

Appellants were evicted from their dwelling place and now seek to overturn that order as being in violation of the Rent Withholding Act of 1966, P. L. (1965) 1534 (as amended), 35 P.S. 1700-1. The Act provides, in part, that a dwelling may be certified by an appropriate authority as unfit for human habitation. Following such certification, "the duty of any tenant of such dwelling to pay, and the right of the landlord to collect rent shall be suspended without affecting any other terms or conditions of the landlord-tenant relationship, until the dwelling is certified as fit for human habitation or until the tenancy is terminated for any reason other than nonpayment of rent. During any period when the duty to pay rent is suspended, and the tenant continues to occupy the dwelling, the rent withheld shall be deposited by the tenant in an escrow account and shall be paid to the landlord when the dwelling is certified as fit for human habitation at any time within six months from the date on which the dwelling was certified as unfit for human habitation. If, at the end of six months after the certification of a dwelling as unfit for human habitation, such dwelling has not been certified as fit for human habitation, any moneys deposited in escrow on account of continued occupancy shall be payable to the depositor,

except that any funds deposited in escrow may be used, for the purpose of making such dwelling fit for human habitation . . . No tenant shall be evicted for any reason whatsoever while rent is deposited in escrow."

From the above, it is apparent that the Act does not offer complete immunity from eviction to a tenant of a building certified as unfit for human habitation. Specifically, the Act does not affect "any . . . (of the) terms and conditions of the landlord-tenant relationship," except that the tenant need not pay rent to the landlord if he pays it into an escrow account. The duty of the tenant to pay his rent on a timely basis consistent with the lease arrangement is undisturbed by the statute. Accordingly, the final sentence of the Act which reads, "No tenant shall be evicted for any reason whatsoever while rent is deposited in escrow," must be read to mean that the tenant is protected against eviction, under the Act, only if he pays his rent into the escrow account in the timely manner specified by the lease arrangement.

In the instant case, the facts, as discussed by the majority, indicate that appellants, tenants who seek the protection of the Act in avoiding eviction, have consistently paid their rent into the escrow fund only after considerable delay. This action, in my view, places them beyond the protection of the Act. I agree, therefore, with the majority's conclusion that the eviction order below should be affirmed.[1]

---

[1] This case leaves unresolved some of the very difficult questions raised by the statute. For example, it is unclear from the face of the statute: (1) whether a landlord of a building certified as unfit for human habitation may refuse to renew the lease arrangement of a tenant who has paid his rent in a timely fashion, (2) under what conditions and authority may moneys deposited in an escrow account pursuant to the statute be used to effect repairs of the dwelling premises, (3) may escrow payments be made indefinitely until the dwelling is sufficiently repaired with

CONCURRING OPINION BY SPAULDING, J., January 28, 1969:

I agree with Judge HOFFMAN that appellants are excluded from the protection of the Rent Withholding Act of 1966 because they failed to make timely payments of rent into the escrow fund. I do not believe the facts established in this case warrant a finding by the majority that the final provision of the Act, "No tenant shall be evicted for any reason whatsoever while rent is deposited in escrow," is applicable only during a single six month period and not thereafter.

___

periodic six months disbursements of the accumulated rents to the contributing tenants to the escrow account.

These questions as well as others bound to arise are best settled by future legislative amendment, although in the absence of such action, it will be the duty of the courts to frame a solution based upon their interpretation of the statute as written. Cf. Note; Rent Withholding in Pennsylvania, 30 Pitt. L. Rev. 148 (1968).