## Dyer Loomis v. W. L. Ross and Eleanor B. Ross, Appellants.

*Appeals—Refusal to stay execution.*

Where a final judgment has been entered from which no appeal has been taken, no appeal lies from the refusal of the court below refusing to stay a writ of fieri facias.

*Appeals—Review of discretion in allowing amendment.*

Judgment having been entered against two defendants and a fieri facias having been issued on the judgment after the death of one, the appellate

court will not review the action of the court in allowing an amendment of the writ nunc pro tunc as of date of issuing same so that it shall appear as being issued against the survivor, the proceedings to be limited to the estate of said survivor.

Argued May 17, 1899. Appeal, No. 227, April T., 1899,. by defendants, from order of C. P. Erie Co., Nov. T., 1898, fi, fa. No. 61, to judgment No. 104, May T., 1890, refusing to stay writ of execution. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by ORLADY, J.

Rule to show cause why execution should not be stayed. Before LINDSEY, P. J., of the 37th judicial district, specially presiding.

The facts sufficiently appear in the opinion of the court.

The court below discharged the rule. Defendants appealed.

*Errors assigned* among others were (1) in discharging the rule to show cause why the writ should not be stayed. (3) In allowing the amendment of the writ.

*J. Ross Thompson,* of *Thompson & Son,* with him *Harold M. Sturgeon,* for appellants.

*Theo. A. Lamb,* for appellee.

OPINION BY ORLADY, J., December 11, 1899:

This appeal is from an order of the court below refusing to stay a writ of fieri facias, which had been issued on a judgment entered by the court on May 20, 1895. A fruitless attempt had been made by one of the defendants to have the original judgment opened so that a defense could be made thereto by Eleanor B. Ross, the petitioner. After several attempts to have the judgment opened, on motion of the plaintiff's attorney, it was liquidated and finally entered by the court against both the defendants for the amount which was admitted to be due by the affidavit of defense which was filed by W. L. Ross, and no appeal has ever been taken from this decree of the court below. Possibly this was erroneous but it is not brought up for review under the assignments of error.

A rule to show cause why the judgment should not be stricken from the record was next taken by Eleanor Ross, and, after testimony had been taken by both the plaintiff and the defendants, a full hearing was had in the court below and the rule was discharged, from which decree no appeal has been taken.

On September 28, 1898, a writ of fieri facias was issued on the judgment, against both the defendants, but it appears that W. L. Ross had died in the preceding March or April, and that no substitution had been made of his heirs or legal representatives. Before the execution of the writ, on motion of the plaintiff and by leave of the court, it was amended nunc pro tunc, "as of the date of issuing the same so that it shall appear as being issued against Eleanor Ross, who survives W. L. Ross, and the proceeding thereon to be limited to the estate of the said Eleanor Ross."

The action of the court below in these two proceedings cannot be reviewed on this appeal. By the defendants not taking an appeal they accepted the judgment as a final one, and it was sufficient to support the writ of fieri facias. Under the facts the allowance of the amendment was not error. With the effect of the sale we have nothing to do under the assignments of error, and the judgment is affirmed.