Merola *v.* Luongo, Appellant.

Argued December 16, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Goncer M. Krestal,* with him *Blank, Rudenko, Klaus & Rome,* for appellant.

*Howard Saul Marcu,* with him *Marcu, Marcu and Marcu,* for appellees.

OPINION BY GUNTHER, J., March 24, 1960:

This appeal is from the order of the Municipal Court of Philadelphia County discharging appellant's rule to stay issuance of execution on a judgment entered against him. Appellees, Alex Merola and Anna Merola, instituted an action in assumpsit against appellant, Michael A. Luongo, as principal, and Francis X. Daly, as agent, to recover the sum of $350.00 paid as deposit for the purchase of certain real estate. The case was referred to an arbitration panel which made an award in favor of appellees. Francis X. Daly appealed from the award to the court below within the twenty days allowed but appellant did nothing. Later, after the time for appeal had expired, appellant attempted to join in Daly's appeal but, on proper objection, this attempted joinder was stricken. Thereafter, a judgment was entered against appellant on the award. No appeal was taken from either the entry of the judgment or the striking of the attempted joinder.

On June 2, 1959, appellant filed a rule to show cause why execution upon the judgment entered against him should not be stayed. As a matter of fact, however, no execution had issued on this judgment. On July 8, 1959, this rule was discharged.

On August 14, 1959, appellees filed a motion to quash this appeal, alleging that no execution had issued on the judgment in question and that the order appealed from is not an appealable order. An answer was filed to the motion, and we directed that argument be heard at the time the appeal is listed for argument on the merits.

Appellant concedes that no execution issued on the judgment in question but contends that no execution should be permitted to issue until Daly's appeal in the

court below has been disposed of. However, since no appeal has been filed either from the award of the arbitrators or from the order discharging the attempt to join the appeal, the refusal to stay an execution which has not been commenced is not an appealable order. Even had execution issued, we have held that where no appeal had been taken from a final judgment, no appeal would be considered from the refusal to stay such execution. This is especially so when the application to stay or set aside an execution is based on allegations of fact outside the record. *Loomis v. Ross,* 12 Pa. Superior Ct. 95, 96; *Stephens v. Addis,* 19 Pa. Superior Ct. 185, 187.

Appeal quashed.