Dryer *v.* Yoest (et al., Appellant).

8

Argued November 12, 1963.   Before RHODES, P. J.,
ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY,
and FLOOD, JJ.

*Frederick N. Egler,* with him *Thomas J. Reinstadt-
ler, Jr.,* and *Reed & Egler,* for appellant.

*Richard S. Crone,* with him *Abe R. Cohen,* and *Crone and Cohen,* for appellees.

OPINION BY WATKINS, J., March 17, 1964:

This is an appeal from an order of the Court of Common Pleas of Allegheny County discharging a rule to show cause why a judgment in favor of Elva Mae Dryer and against John W. Dryer in the amount of Two Thousand ($2000) Dollars should not be satisfied.

This case began on November 7, 1955, when a complaint in trespass was filed on behalf of Elva Mae Dryer, a minor, by her guardian and father John W. Dryer, and by John W. Dryer and Laura Marie Dryer, his wife, in their own right, against Robert C. Yoest. Litigation began as a result of an automobile accident between the automobile owned and operated by John W. Dryer, in which his wife and daughter were riding, the automobile of Robert C. Yoest and the automobile of Thomas H. Kiefer. The court below granted a petition of the original defendant Yoest to sever the claim of John W. Dryer and join him together with Kiefer as additional defendants. In Yoest's complaint he alleged that John W. Dryer was solely liable to the plaintiffs or jointly liable with Kiefer for the accident.

The appellant raised no objection to these allegations and no preliminary objections were raised to the complaint of the original defendant. An appearance was entered on behalf of the appellant as an additional defendant.

The case was tried on May 5, 1959 and at the conclusion of the testimony the appellant did not present any motions for binding instructions; nor did he present any requests for charge concerning the question of his sole liability. At no time during the trial up to verdict did he raise any question concerning parental immunity. The jury returned a verdict in favor of

Elva Mae Dryer against her father alone in the sum of Two Thousand ($2000) Dollars; and a verdict in favor of Laura Marie Dryer against her husband alone in the amount of Five Thousand ($5000) Dollars and found in favor of the other defendants. No objection was made to the verdicts at the time they were returned by counsel representing the appellant.

The plaintiffs filed a motion for a new trial which was refused and judgment was directed to be entered upon payment of the verdict fee. On November 1, 1960, judgment was entered against the Dryers in favor of Yoest, the original defendant. Elva Mae Dryer paid the fee and judgment was entered in her favor against her father, in the amount of Two Thousand ($2000) Dollars. No appeal was ever taken from this judgment and the statutory appeal period has passed.

On November 25, 1960, a rule was filed by the appellant to show cause why the judgments in favor of the wife and daughter should not be marked satisfied of record on the ground of parental immunity. An answer was filed setting forth that no judgments had been entered against John W. Dryer by either Elva Mae Dryer or Laura Marie Dryer and also setting forth the fact that Elva Mae Dryer was emancipated by reason of marriage on October 3, 1959. On August 9, 1961, Elva Mae Dryer attained her majority and on August 28, 1961, the verdict fee in her case was paid and judgment entered in favor of Elva Mae Dryer against John W. Dryer in the sum of Two Thousand ($2000) Dollars. The court below discharged both rules on September 4, 1963 and the appellant does not question the decision of the court in discharging the rule in Laura Marie Dryer's case because no judgment has ever been entered. The appeal of John W. Dryer in the daughter's case followed.

The appellee filed motions to dismiss and quash on the ground of lack of jurisdiction and that the appeal

was interlocutory respectively and we heard argument on these motions at the same time as argument was made on the merits.

We believe this appeal to be premature. The question of parental immunity in this case is clearly a collateral attack upon the judgment from which no appeal was taken. The refusal of the court below to direct the satisfaction of this judgment is not a final order; is interlocutory; and therefore not appealable. *Merola v. Luongo,* 191 Pa. Superior Ct. 509, 159 A. 2d 41 (1960) ; *Prager v. Warren,* 402 Pa. 128, 166 A. 2d 500 (1961). *Winters v. Herdt,* 400 Pa. 452, 162 A. 2d 392 (1960), upon which the appellant relies is not pertinent because in that case the rule was made absolute to mark the judgments satisfied so that there was no doubt as to the finality of the order which put the appellant out of court and in fact this question was not raised on appeal in that case.

The appeal is quashed.