Kelso et al., Appellants, *v.* Mielcarek, Jr.

Argued November 15, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Alfred V. Papa,* for appellants.

*Robert B. Truel,* with him *John F. Ploeger,* and *Truel and Ploeger,* for appellee.

OPINION PER CURIAM, December 11, 1973:
Judgment affirmed.

Concurring Opinion by Hoffman, J.:

I join in this Court's Per Curiam Order, but feel constrained to express my disapproval of the reaffirmance of interspousal immunity, especially where the doctrine is invoked to bar suit between spouses for a pre-marital tort.

On September 21, 1969, minor appellant Beth Ann Kelso, then single, was riding in a vehicle operated by the appellee, Joseph Mielcarek, Jr., who lost control of his vehicle and struck a telephone pole injuring the minor appellant. Miss Kelso brought a trespass action with her father against the appellee on April 30, 1971. Subsequent to the institution of this suit, the appellant and appellee were married on June 19, 1971. On May 4, 1972, the lower court granted appellee's summary judgment because of interspousal immunity.

On December 4, 1973, the Supreme Court of Pennsylvania upheld interspousal immunity in a case where wife sued husband after their marriage for a pre-marital tort.[1] The Majority recognizing that, perhaps, the reasons for the immunity were unsupportable in light of modern-day policy, held that "the instant decision is controlled by a specific state statute. It is the function of this Court to interpret statutes, not rewrite them."[2]

---

[1] *DiGirolamo v. Apanavage*, 454 Pa. 557, 312 A. 2d 382 (1973).

[2] Justice Roberts filed a vigorous dissent rejecting the notion that the Supreme Court was bound by a legislative enactment in this case. Justice Roberts traced the legislative history of the several Married Womens Acts starting in 1848 and up to the present statute appearing at the Act of March 27, 1913, P. L. 14, §1, 48 P.S. §111. The present statute does not expressly deny the wife a cause of action against her husband for a personal tort. The Section provides that suits will be maintainable to "protect and recover . . . separate property." Nowhere in the Act is the concept of "separate property" defined. In fact, in the Act of 1887, P. L. 332, §§1-7, the Legislature expressly permitted the wife to recover

In the instant case, the tort arose prior to the marriage of the parties herein. Furthermore, the wife, unlike the plaintiff in *DiGirolamo,* sued her prospective husband prior to the wedding date. While a tort action may constitute an unliquidated claim, it cannot be construed as non-property. An unliquidated claim, whether in tort or contract, is a chose in action which constitutes property. Assignability is not a necessary attribute of property, though it is generally present. See, Williams, "Is a Right of Action in Tort a Chose in Action," 10 L.Q. 143 (1894). At the moment of suit, the parties herein were not married, and since the statute proscribes suits between husband and wife, the wife should not have her suit dismissed because of subsequent marriage. As Judge PACKEL stated in his Dissenting Opinion in *DiGirolamo* (when it was argued before this Court) : "In that event, the statute is to the effect that there is no cause of action for a post-marital personal injury and, accordingly, no separate property is involved. This, of course, cannot be true as to the premarital tort because it certainly was a property right at the time of the injury. Property does not become nonproperty because of a marriage ceremony." *DiGirolamo et ux. v. Apanavage,* 222 Pa. Superior Ct. 74, 76, 293 A. 2d 96, 97 (1972).

for personal torts as a *feme sole,* and that such actions constituted her "separate property." While this Act was later supplanted, Justice ROBERTS pointed out that the only bar to such action appeared in the Court's own limiting interpretation of the term, "separate property," in *Meisal v. Little,* 407 Pa. 546, 180 A. 2d 772 (1962). As the exclusion of tort actions from "separate property" was *judicially-created,* the Court could reverse itself and abolish an antiquated and ill-conceived immunity from denying the wife her "day in court." Justice MANDERINO filed a short dissent emphasizing that the Court should strike down a legislative enactment which is unconstitutional, since it contradicts and limits a constitutional amendment. Pa. Const., art I, §11 provides that ". . . every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law. . . ."

While the only distinguishing fact in the instant case is that the appellant instituted suit prior to the marriage, that distinction, is, in my view, crucial. Not only is the wife seeking to recover for a pre-marital tort, but she seeks to sustain a suit, which at the time it was instituted was entirely proper and maintainable. The statute prevents a wife from suing her husband. It does not proscribe a suit instituted by unmarried parties, who subsequently marry while the case is pending.

I call upon our Supreme Court to reconsider its position at the first opportunity that presents itself. The highest court of this Commonwealth should not supply specificity to imprecise legislative words, so as to uphold and extend, what remains an anachronistic, if not unconstitutional,[3] doctrine.

As we are bound by the decisions of our Supreme Court, I concur in the result of the majority.

---

[3] We are a government of "checks and balances," and when one branch exceeds its authority or abuses its power the other must rectify the mistake. As such, the Legislature may not by enactment limit or enlarge the Constitution, which derives from the People. When it so acts, the judiciary is empowered with the power and duty to strike down inconsistent provisions appearing in statutes, orders or other acts. Legislatively-created immunity, of whatever type or nature, is unconstitutional. As Justice MANDER-INO said in his dissenting opinion to *DiGirolamo*: "A legislative enactment which provides *any defendant* with immunity from suit is unconstitutional." 454 Pa. at 575.