Policino, Appellant, *v.* Ehrlich, et al.

Argued June 12, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Irwin S. Lasky,* for appellant.

*Charles Jay Bogdanoff,* with him *William L. Kinsley,* and *Albert C. Gekoski,* for appellees.

OPINION BY HOFFMAN, J., September 22, 1975:

This appeal raises the question of whether it is proper to assert marital immunity in a motion to strike a judgment.

On March 22, 1969, plaintiff-appellant, then unmarried, was a passenger in an automobile operated by Leonard Policino which was involved in an accident with an automobile driven by defendant Alan Ehrlich. Subsequently, on April 30, 1969, appellant married Leonard Policino. After the marriage, appellant filed an action

in trespass against Alan Ehrlich, who joined Leonard Policino as additional defendant. Following trial, the jury returned a verdict in favor of appellant solely against the additional defendant, her husband. No post-verdict motions were filed and judgment on the verdict was entered on April 13, 1973. Counsel for Leonard Policino did not appeal the judgment, but on December 3, 1973, eight months later, filed a motion to strike the judgment as violative of the Pennsylvania statute on interspousal immunity.[1] The lower court granted the motion on November 26, 1974, and this appeal followed.[2]

The interspousal immunity statute, supra, provides that ". . . a married woman may sue and be sued civilly, in all respects, and in any form of action, and with the same effect and results and consequences, as an unmarried person; but she may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect and recover *her separate property;* nor may he sue her, except in a proceeding for divorce, or in a proceeding to protect or recover his separate property; nor may she be arrested or imprisoned for her torts." (Emphasis added). Our Supreme Court has consistently held that "separate property" does not include an unliquidated tort claim, even if the tort occurred prior to the marriage of the parties. See *DiGirolamo v. Apanavage,* 454 Pa. 557, 312 A.2d 382 (1973); *Falco v. Pados,* 444 Pa. 372, 282 A.2d 351 (1971); *Daly v. Buterbaugh,* 416 Pa. 523, 207 A.2d 412 (1964); *Meisel v. Little,* 407 Pa. 546, 180 A.2d 772 (1962). Thus, the present state of the law is that a spouse may neither sue nor recover on a tort claim from the other spouse while the parties are married, regardless of the date of the claim.[3]

---

1. Act of June 8, 1893, P.L. 344, §3; Act of March 27, 1913, P.L. 14, §1; 48 P.S. §111.

2. Defendant Alan Ehrlich is not a party to this appeal.

3. *Ondovchik v. Ondovchik,* 411 Pa. 643, 192 A.2d 389 (1963), is the only case in Pennsylvania which has deviated from this

The doctrine has not gone without vigorous criticism: "The majority recognizes, as well it must, that social policies which may at one time have justified spousal immunity have ceased to exist, but claims to be bound by the pronouncements of the Legislature. Although the Legislature has addressed the question of spousal immunity, its enactments, as well as current public policy, compel abolition, not retention, of this antiquated doctrine." *DiGirolamo v. Apanavage*, supra, at 563, 312 A.2d at 385 (ROBERTS, J., dissenting). See also *Kelso v. Mielcarek*, 226 Pa. Superior Ct. 476, 479, 313 A.2d 324, 326 (1973): "I call upon our Supreme Court to reconsider its position at the first opportunity that presents itself. The highest court of this Commonwealth should not supply specificity to imprecise legislative words,[4] so as to uphold and extend, what remains an anachronistic, if not unconstitutional,[5] doctrine." (HOFFMAN, J., concurring). We are constrained, however, to apply the rule to the instant case.

Appellant recognizes that our Supreme Court has adhered to the rule that interspousal immunity precludes a

---

principle. There, the claim arose out of an antenuptial tort, and the plaintiff-wife filed suit against defendant, who joined plaintiff's husband as an additional defendant. The Court held that the wife could recover from her husband, on the theory that the statute prohibited only suit, and not recovery. *Ondovchik*, however, was overruled the following year by *Daly v. Buterbaugh*, supra.

4. In dissenting in *DiGirolamo*, Justice ROBERTS noted that the definition given "separate property" was erroneous. He stated that the Act of 1887 permitted a wife to recover for personal torts, and that such actions constituted her "separate property." Although this Act was repealed, Justice ROBERTS stated that no subsequent statute declared that a tort claim was not "separate property;" rather, it was the Court's own limited interpretation of the term.

5. Justice MANDERINO also dissented in *DiGirolamo*. He noted, as did Justice ROBERTS, joined by Justice NIX, that it is unconstitutional to deprive a married woman of her right to file a legal claim, citing Article I, §11, of the Pennsylvania Constitution.

wife from maintaining a trespass action against her husband during coverture. Appellant, however, makes two interrelated arguments. First, she contends that because appellee failed to plead his immunity, object at trial, file post-verdict motions, or appeal the judgment, the lower court erred in granting the motion to strike the judgment. Secondly, appellant claims that a motion to strike constitutes an impermissible collateral attack on the judgment.

A motion to strike a judgment is properly granted when a defect appears on the face of the record. *Goldenberg v. Holiday Inns of America, Inc.*, 227 Pa. Superior Ct. 250, 323 A.2d 176 (1974). "As we said in Lipshutz v. Plawa, 393 Pa. 268, 271, 141 A.2d 226, 228 (1958): 'A rule to strike off a judgment is in the nature of a demurrer directed to defects in the record. If the record is self-sustaining, the judgment cannot be stricken.' *Washington County Controller's Case*, 427 Pa. 631, 634, 235 A.2d 592, 594 (1967). *See, also, Cameron v. Great American & Pacific Tea Co.*, 439 Pa. 374, 266 A.2d 715 (1970); *Linett v. Linett*, 434 Pa. 441, 254 A.2d 7 (1969)." *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 506, 288 A.2d 819, 821 (1972). Thus, if the invalidity of a judgment can only be shown by evidence dehors the record, it cannot be stricken. Under the doctrine of marital immunity, a wife cannot recover from her husband. Therefore, the judgment rendered in the instant case is defective on its face and was properly stricken.

The difficulty with appellant's first argument is that a motion to strike is the proper remedy for a defendant whose wife is awarded a judgment against him.[6] While the doctrine of interspousal immunity precludes a wife from suing her husband, it does not prevent the original defendant from joining the husband as additional de-

6. Appellant does not argue that the motion to strike was untimely because it was filed eight months after the verdict. Thus, it is unnecessary to consider this fact.

fendant. The doctrine merely precludes the wife from recovering against her husband: ". . . Nancy Daly could recover *only* on her judgment against Buterbaugh and Buterbaugh could recover only by way of contribution against Daly but, in no event, could Nancy Daly recover on the judgment against Daly." *Daly v. Buterbaugh,* supra, at 530-531, 207 A.2d at 415. In *Kiser v. Schlosser,* 389 Pa. 131, 133-134, 132 A.2d 344, 346 (1957), the Court stated: "The court *en banc* recognized that although Mr. Schlosser was properly joined as a defendant for purposes of contribution in the action by his wife against Kiser, he could not be directly liable to his wife. The court concluded, nevertheless, that the error was not prejudicial to the Schlossers, and could be corrected by striking the verdict in favor of Mrs. Schlosser against her husband from the record. We agree with this disposition of the issue. *Koontz v. Messer,* 320 Pa. 487, 181 A. 792 (1935)." Thus, it is clear that if the husband had filed preliminary objections on the ground of interspousal immunity, they could not be sustained because he could properly be found liable to the original defendant. Furthermore, post-verdict motions (and appeal if they were unsuccessful) could accomplish no more than the motion to strike.[7] The choice

---

7. The case of *East Broad Top Transit Company v. Flood,* 326 Pa. 353, 192 A. 401 (1937), cited by appellant, is inapposite. In that case, plaintiff sued on the theory of *respondeat superior.* The jury returned a verdict in favor of plaintiff against defendant-employer without mention of defendant-employee. Obviously, the employer's liability could only be derivative. Our Supreme Court affirmed the lower court's denial of motions for judgment n.o.v. and a new trial, holding that the employer had waived the issue by not objecting to the verdict before it was recorded. In *East Broad Top,* the issue could have been clarified by asking the jury to fix the status of the individual defendant or by moving the court to mold or amend the verdict so as to make it conform with the jury's apparent but unexpressed intention. In essence, the Court held that the employer had not properly preserved a trial error for post-trial review. In the instant case, however, appellant could only have done one of two things: move for judgment n.o.v. or move to

of one permissible procedural course over another does not amount to a waiver of the issue.

Appellant also argues that the motion to strike was an impermissible collateral attack on the judgment. Generally, in the absence of fraud or collusion, an order of a court of competent jurisdiction is not subject to collateral attack. See *Commonwealth v. City of Philadelphia*, 5 Pa. Commonwealth Ct. 358, 290 A.2d 734 (1972). It is difficult, however, to characterize a motion to strike a judgment as anything but a direct attack: "In all the foregoing cases a *direct attack* was made on the judgment by motion to strike or open." *Roberts v. Gibson*, 214 Pa. Superior Ct. 220, 225, 251 A.2d 799 (1969). (Emphasis added). In support of her argument, appellant cites *Dryer v. Yoest*, 203 Pa. Superior Ct. 7, 198 A.2d 365 (1964). There, a minor-plaintiff sued defendant, who joined plaintiff's father as additional defendant. The jury awarded damages in favor of plaintiff solely against her father. Eighteen months later, additional defendant filed a rule to show cause why the judgment should not be marked satisfied on the ground of parental immunity. We stated: "The question of parental immunity in this case is clearly a collateral attack upon the judgment from which no appeal was taken. The refusal of the court below to direct the satisfaction of this judgment is not a final order; it is interlocutory; and therefore not appealable." 203 Pa. Superior Ct. at 11, 198 A.2d at 366. In *Dryer,* therefore, the additional defendant did not move to have the judgment reversed at any time; he merely asked that it be marked "satisfied." He sought to negate the effect of the judgment without seeking its removal. Hence, his attack was collateral. In the instant case, appellant directly attacked the judgment by asking that it be stricken.

The order of the lower court is affirmed.

---

strike the judgment. Either course would alert the lower court to the existence of the immunity statute.