Smith, Appellant, *v.* Smith.

Submitted December 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Seymour Kanter*, and *Kanter, Bernstein & Miller*, for appellant.

*Edward R. Paul, James M. Marsh,* and *LaBrum and Doak,* for appellee.

OPINION BY VAN DER VOORT, J., April 22, 1976:

Again we are asked to reconsider the doctrine of interspousal immunity from tort action. In this case, appellant, a passenger in appellee's car, was injured when the automobile which appellee was driving allegedly left the road and ran into a tree. At the time of this happening, the parties were not married. Subsequently they did marry and thereafter appellant filed a complaint in trespass against her husband. Appellee's preliminary objections were sustained and the complaint was dismissed. It is from the Order of dismissal that this appeal is taken.

The doctrine of interspousal immunity from tort action is of ancient origin and has come under frequent attack of late. Appellant posits that the doctrine should be overturned because it deprives an individual, albeit he or she, the spouse of the opposing party, of a valuable property right. This position has not been adopted by our Commonwealth's Courts. Appellant further suggests that Article I, §28, of the *Pennsylvania Constitution* should allow suits in tort between spouses: "Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual."

We do not agree. The above-cited Constitutional language does not address the interspousal situation. Inequality based upon the sex of either spouse is not the concern of the challenged doctrine. Rather it is the long-held notion that the preservation of family unity, harmony, and integrity does not allow interspousal tort actions. The concern also goes to whether a suit between husband and wife, on a tort claim, can be truly adversary. Judge HOFFMAN, in *Policino v. Ehrlich,* 236 Pa. Superior Ct. 19, 345 A.2d 224 (1975) and concurring in *Kelso v. Mielcarek,* 226 Pa. Superior Ct. 476, 477, 313

A.2d 324 (1973), correctly points out that we are bound by the precedent of our Supreme Court. Finding no Constitutional infirmity in the challenged doctrine, we rely on *DiGirolamo v. Apanavage*, 454 Pa. 557, 312 A.2d 382 (1973), and reiterate the prohibition against interspousal tort suits in the Commonwealth.

Order affirmed.

SPAETH, J., concurs in the result.