# Caldwell v. Caldwell

*Arthur Lefkoe*, for plaintiff.
*Denis J. Lawler*, for defendant.

LOWE, *P.J.*, June 29, 1977—Defendant has appealed to the Superior Court of Pennsylvania from an order of this court dated April 13, 1977, sustaining plaintiff's preliminary objections to defendant's counterclaim.

Plaintiff Mary Virginia Caldwell and defendant Donald J. Caldwell are husband and wife, having been married October 20, 1951. Since that time they have become tenants by the entireties of the residential property located at 614 Thornhill Drive, Whitemarsh Township, Montgomery County, as well as sundry personalty.

On September 25, 1975, the parties separated. On August 3, 1976, plaintiff filed an action for partition of the real property pursuant to Pennsylvania Rules of Civil Procedure 1551 et seq. Defendant answered this complaint and filed a two-count counterclaim. Count I of the counterclaim sets

forth a cause of action for the intentional infliction of emotional distress in connection with plaintiff's alleged adulterous conduct; Count II of the counterclaim sets forth a cause of action for fraud and deceit based upon the same conduct.

Plaintiff thereupon filed preliminary objections contending that the counterclaim, sounding in tort, could not be filed in an action for partition of real property under Pa.R.C.P. 1551 et seq., and further, that such claims were barred by the doctrine of interspousal immunity.

After argument and upon consideration of the briefs of counsel, the court sustained plaintiff's preliminary objections in the nature of a demurrer to both counts of defendant's counterclaim. Defendant appeals this decision, asserting the pleadings do set forth a cognizable cause of action and are not barred by the doctrine of interspousal immunity.

The inability of one spouse to maintain an action against the other was established as a principle of common law before codification of the doctrine. In Antonelli v. Matuella et al., 31 Luz. 469 (1938), the court recognized the ancient origin of this doctrine when it observed: "At common law husband and wife have always been looked upon as one person, and . . . actions between them have never been allowed in a court of law during the continuance of coverture. This disability to sue at law remains unless and until removed by statute." Id. 469.

In Pennsylvania, the common law doctrine was codified by section 1 of the Act of June 8, 1893, P.L. 344, as amended, 48 P.S. §111. This section of the Married Women's Property Act provides in relevant part: ". . . [A married woman] may not sue her husband, except in a proceeding for divorce, or in a

proceeding to protect and recover her separate property; nor may he sue her, except in a proceeding for divorce, or in a proceeding to protect or recover his separate property . . ."

This statute has been upheld time and again. As stated in Policino v. Ehrlich, 236 Pa. Superior Ct. 19, 21, 346 A. 2d 579 (1975): "Thus, the present state of the law is that a spouse may neither sue nor recover on a tort claim from the other spouse while the parties are married. . . . "

Most recently, in Smith v. Smith, 240 Pa. Superior Ct. 97, 361 A. 2d 756 (1976), the Superior Court reaffirmed the doctrine of interspousal immunity and rejected an argument challenging the constitutionality of the statute. "Finding no Constitutional infirmity in the challenged doctrine, we rely on DiGirolamo v. Apanavage, 454 Pa. 557, 312 A. 2d 382 (1973), and reiterate the prohibition against interspousal tort suits in the Commonwealth." Id. 99.

It is apparent both counts of defendant's counterclaim are grounded in tort. It is also obvious that defendant is barred from asserting such claims against his spouse by the Pennsylvania doctrine of interspousal immunity. It is of no moment that these tort claims are set forth in an answer to a complaint rather than an original action. In the case of Coyle v. Coyle, 3 D. & C. 2d 32 (Allegheny C. P. 1954), the court refused to allow defendant to seek an accounting of rents by way of new matter. Defendant could not accomplish indirectly what could not be accomplished directly.

The cases cited by defendant as support for his contention that the counterclaims are not barred by interspousal immunity do not convince this court of

his cause. In Weiss v. Weiss, 74 Montg. (1958), the court did not allow plaintiff husband to sue his wife for her fraudulent conduct, as asserted, but rather allowed the husband to press an action in equity for separate property which is a permissible claim under the statute.

The second case relied upon by defendant, Remington v. Remington, 393 F. Supp. 898 (E.D. Pa., 1975), dealt with the violation of a Federal statute prohibiting the use of wiretaps. In this case, the Federal court delved into an interpretation of the policy considerations behind the Pennsylvania statute dealing with interspousal immunity. Its interpretation is rejected, because a decision of a Federal court construing state law is not binding upon a state court: Rader v. Pennsylvania Turnpike Commission, 407 Pa. 609, 182 A. 2d 199 (1962).

Defendant further argues that the policy considerations which underlie the doctrine of interspousal immunity, i.e., the prevention of collusive suits and the promotion of domestic harmony and felicity, are not applicable to the instant situation by reason of the estrangement of the parties. Such a contention is best made to the legislature; this court is obliged to follow the act and the interpretation given it by the Supreme Court of Pennsylvania.

Therefore, the doctrine of interspousal immunity was correctly relied upon in sustaining plaintiff's preliminary objections, and defendant's counterclaim, sounding in tort, is barred by the Act of June 8, 1893, P.L. 344, as amended, 48 P.S. §111.