**Catherine C. ALFREE, Plaintiff Below, Appellant,**

v.

**Edwin W. ALFREE, Jr., Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted Nov. 14, 1979.

Decided Dec. 26, 1979.

James R. Leonard, of Potter & Carmine, Wilmington, for plaintiff-appellant.

Wayne Elliott and Edward P. Welch, of Prickett, Ward, Burt & Sanders, Wilmington, for defendant-appellee.

Before HERRMANN, C. J., and DUFFY, McNEILLY, QUILLEN and HORSEY, JJ., constituting the Court en Banc.

PER CURIAM:

This personal injury action arises out of an automobile accident which occurred on June 26, 1976. At that time the plaintiff, Catherine C. Alfree, was an occupant of an automobile operated by her husband, the defendant, Edwin W. Alfree, Jr. The par-

ties have since separated but they are not divorced.

In the Superior Court, given the factual context of the case, the defendant's motion for summary judgment was granted on the ground of the interspousal immunity doctrine. The plaintiff appealed and, after oral argument before a three Justice panel on June 15, 1979, the panel issued a unanimous opinion, dated August 16, 1979, which affirmed the judgment of the Superior Court. Subsequent to the panel opinion, the plaintiff moved for a rehearing before the Court en Banc.[1] On September 28, 1979, the motion was granted. In the interests of justice and in addition to matters previously raised, the Court *sua sponte* directed briefing and argument on whether the interspousal tort immunity doctrine violated plaintiff's due process or equal protection rights under the Fourteenth Amendment of the Constitution of the United States. Argument before the Court en Banc was held on November 14, 1979 and this opinion of the Court en Banc supersedes the earlier panel opinion which is hereby withdrawn.

We affirm the judgment of the Superior Court.

■ It is settled law in Delaware that one spouse may not sue the other at law in tort. *Plotkin v. Plotkin,* Del.Supr., 125 A. 455 (1924); *Peters v. Peters,* 20 Del.Ch. 28, 169 A. 298 (1933); *du Pont v. du Pont,* 33 Del.Ch. 571, 98 A.2d 493 (1953); *Owens v. Owens,* Del.Supr., 149 A.2d 320 (1959); *Saunders v. Hill,* Del.Supr., 202 A.2d 807 (1964); *Fields v. Synthetic Ropes, Inc.,* Del. Supr., 215 A.2d 427 (1965) and *Short Line, Inc. of Penn. v. Perez,* Del.Supr., 238 A.2d 341 (1968). We are not persuaded that the common law rule as recognized by the Superior Court in the *Plotkin* case in 1924 and by the Court of Chancery and the Supreme Court since 1924 should be overruled by judicial decision. "[T]he right [of spouses]

to sue each other strikes at the very heart of domestic relations and its effect not only upon the home ties, but upon society generally would be far reaching." *Plotkin v. Plotkin, supra,* 125 A. at 457.

We are aware of the modern, widespread criticism of the rationale of the doctrine. See e. g. *Merenoff v. Merenoff,* 76 N.J. 535, 388 A.2d 951, 958–960 (1978). [" * * * currently only a handful of courts unqualifiedly retain the doctrine in its pristine formulation" 388 A.2d at 954; and "[i]t is clear, * * *, that despite its survival in varying forms, interspousal immunity is no longer the doctrinal monolith it was in olden times." 388 A.2d at 955.] But, nonetheless, we think that, in addition to its time-honored recognition in this State, it retains sufficient merit to warrant continued adherence by this Court for two sets of reasons.

First as to tort law, elimination of the doctrine could: (1) open up the possibility of various tort actions such as assault and intentional infliction of emotional harm which could go to the heart of public policy and legislative policy relating to marriage; (2) make many routine automobile cases by way of contribution an involuntary suit of one spouse against another; (3) make common automobile negligence issues, including assumption of the risk and guest statute questions, ones of aggravated accusation by one spouse against another; and (4) affect legislative policy in the no-fault insurance field.

Second, as to property law, we note that marriage has many protective attributes not available to others including the duty to support, the right to inherit, and the right to hold property free from assault by a spouse's individual creditors as tenants by the entirety. Thus, the public policy relating to the marriage status is more complex than treatment of interspousal immunity doctrine in isolation would suggest.

---

1. Temporary Rule 200 of this Court's rules authorizes such a motion upon any of the following grounds: the proceeding involves a question of exceptional importance; consideration by the Court en Banc is necessary to secure or maintain uniformity in Supreme Court decisions; or the case may be controlled by a prior decision of the Court which should be reconsidered or which may be overruled.

Like the public policy considerations involved in the oft-attacked Automobile Guest Statute, the problem is "more appropriate for legislative solution than for judicial determination. The General Assembly has access to relevant information bearing upon these matters more significant than any afforded this Court, bound as it is by the limitations of the record of this judicial proceeding". *Justice v. Gatchell*, Del.Supr., 325 A.2d 97, 102 (1974). "If a change is to be effected in the well-settled public policy of this State, such change must be effected by the Legislature and not by this court." *Saunders v. Hill, supra,* 202 A.2d at 810.

■■ The Delaware Constitutional provision—"every man for an injury done him . . . shall have remedy by the due course of law" [Del.Const. Art I, Sec. 9]—does not require the courts to create a right of action unknown to the common law.[2] The interspousal immunity doctrine has not been abolished by the Married Women Acts. *Plotkin v. Plotkin, supra.* The case of *Williams v. Williams*, Del.Supr., 369 A.2d 669 (1976), limiting the application of the doctrine of parental tort immunity in automobile negligence cases by its express terms distinguished and reserved "for another day the question of husband-wife tort immunity under Delaware law". *Id.,* 369 A.2d at 670; see also *Schneider v. Coe*, Del.Supr., 405 A.2d 682 (1979).

■ Finally, as to the Federal due process and equal protection clauses, little law directly applicable has been brought to our attention. The strongest precedent is *Paiewonsky v. Paiewonsky*, 3rd Cir., 446 F.2d 178, 181–182 (1971), cert. den., 405 U.S. 919, 92 S.Ct. 944, 30 L.Ed.2d 788 (1972). In that case, our former Chancellor, now Chief Judge Seitz of the Federal Circuit which includes Delaware, writing for the three judge panel, found no violation of equal protection in the alleged discrimination resulting from the doctrine of interspousal immunity. The Court said it "[had] not been convinced that the immunity doctrine lacks substantial vitality" and "it follows that it has a reasonable relationship to the [promotion of domestic tranquility] interest sought to be furthered by it. See also *Brawner v. Brawner*, Mo.Supr., 327 S.W.2d 808, 815 (1959). Other courts in rejecting equal protection claims have noted the doctrine applies to husbands as well as wives. See *Locklair v. Locklair*, D.S.C., 256 F.Supp. 530 (1960); *Smith v. Smith*, 240 Pa.Super. 97, 361 A.2d 756, 757 (1976). Due process claims have fared no better evidently on the ground that a spouse does not have a property interest in a cause of action not recognized by common law or on the ground that any such property interest in a suit against a spouse is lawfully restricted in a matter of public concern by the State's police power: *Heckendorn v. First National Bank, supra*, 166 N.E.2d at 574; *Brawner v. Brawner, supra*, 327 S.W.2d at 814–815; *Smith v. Smith, supra*, 361 A.2d at 757.[3] Thus, based on current precedent, there appears to be no Federal constitutional limitation on the interspousal immunity doctrine. We so hold.

Accordingly, we commend to the General Assembly the problem of reviewing the rights of a spouse in the position of this plaintiff in this day and age.

2. For history, see: Art. I, Sec. 9 of Del.Const. of 1831; Art. I, Sec. 9 of Del.Const. of 1792; and Sec. 12 of Declaration of Rights and Fundamental Rules of the Delaware State of 1776. See also: *Heckendorn v. First National Bank*, 19 Ill.2d 190, 166 N.E.2d 571, 573 (1960); *Conley v. Conley*, 92 Mont. 425, 15 P.2d 922, 926 (1932); *Smith v. Smith*, 205 Or. 286, 287 P.2d 572, 576 (1955); *Gowin v. Gowin*, Tex.Civ. App., 264 S.W. 529 (1924), aff'd Tex.Supr., 292 S.W. 211 (1927).

3. We have found one case stating that the interspousal immunity doctrine must yield to Federal constitutional provisions. *Alexander v. Alexander*, W.D.S.C., 140 F.Supp. 925, 928–929 (1956). This decision has been expressly repudiated in: *Locklair v. Locklair, supra*, 256 F.Supp. at 532–533; *Bencomo v. Bencomo*, Fla. Supr., 200 So.2d 171, 174 (1967); and *Gaston v. Pittman*, N.D.Fla., 285 F.Supp. 645, 646 (1968), rev'd on grounds that a divorced woman can maintain an action against her former husband for a tort committed by him prior to their marriage [*Gaston v. Pittman*, Fla.Supr., 224 So.2d 326 (1969)], 5th Cir., 413 F.2d 1031 (1969).

The judgment of the Superior Court granting summary judgment to the defendant is affirmed.